Arturo FRAIRE, Appellant,

v.

The STATE of Texas, Appellee.

Edmundo MORALES, Appellant,

v.

The STATE of Texas, Appellee.

Mario Rubio GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

Mario GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

Gus ARGEANAS, Appellant,

v.

The STATE of Texas, Appellee.

Kosta Andrew ARGEANAS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 61331–61336.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 26, 1979.

Rehearing En Banc Denied Oct. 31, 1979.

Robert E. Golden, El Paso, for Fraire and Morales.

Richard C. Robins, El Paso, for Guzman in 61333 and 61334.

Gary J. Hill, El Paso, for Argeanas in 61335 and 61336.

Steve W. Simmons, Dist. Atty. and Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

Arturo Fraire was convicted of burglary of a habitation; his punishment was assessed at eight years, probated. Edmundo Morales was convicted for the offense of aggravated robbery; his punishment was assessed at five years. Mario Rubio Guzman was convicted for the unauthorized use of a vehicle; his punishment was assessed at seven years, probated. Mario Guzman was convicted of burglary of a habitation; his punishment was assessed at ten years, probated. Gus Argeanas was convicted for the offense of robbery; his punishment was assessed at eight years. Kosta Andrew Argeanas was convicted for aggravated robbery with a prior conviction alleged for enhancement; his punishment was assessed at twenty-five years. He was also convicted for aggravated robbery, three counts; his punishment was assessed at twenty-five years.

In each of these cases it is contended that the trial court erred in not setting aside the indictment when the trial did not begin within 120 days of July 1, 1978, under the provisions of Article 32A.02, V.A.C.C.P.

In Cause No. 61,331, Arturo Fraire was arrested January 27, 1978. The State filed its announcement of ready July 3, 1978. On October 27, 1978, appellant filed a motion requesting an immediate trial. On October 30, 1978, he filed a motion to dismiss prosecution because he had not been brought to trial within 120 days of July 1, 1978, the effective date of Article 32A.02, supra, the Speedy Trial Act. The motion was overruled. On November 8, 1978, he entered a plea of guilty.

Article 32A.02, Section 1, V.A.C.C.P., provides:

"A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

"(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony."

Fraire relies upon *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978), which held that for causes pending at the effective date of the Act the 120 day period began July 1, 1978.

Section 3 of the Act provides that the failure of a defendant to move for a discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article.

There are many instances in the Act which exclude certain time before the trial before the Act is applicable. It was not provided for by the Legislature that the cause must be tried within 120 days. Unusual circumstances may justify further delay.[1]

 In each case the State announced ready for trial within the 120 day period starting from July 1, 1978. This announcement was unchallenged by either appellant. The announcement is prima facie showing that without challenge or rebuttal by an accused the provision of the statute has been complied with.

We hold that when the State announces ready and there is no challenge to this announcement to show otherwise by an accused we will presume that the State was ready. *Ordunez v. Bean,* 579 S.W.2d 911 (Tex.Cr.App.1979) (opinion concurring in part and dissenting in part at page 919).

See also *Hazen v. Pickett,* 581 S.W.2d 694 (Tex.Cr.App.1979).

The contention by one of the appellants that the constitutional right of the Sixth Amendment to the Constitution of the United States guaranteeing a speedy trial has been violated was not raised in the trial court and will not be considered.

The facts in the other cases show different dates but in each case the State announced ready within the 120 day period of the effective date of the Speedy Trial Act, and the statute for the reasons set out above has been complied with.

No error has been shown. The judgments are affirmed.

1. Section 4 of the Act provides:

"In computing the time by which the state must be ready for trial, the following periods shall be excluded:

"(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges;

"(2) any period during which the defendant is incompetent to stand trial;

"(3) a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel, except that a defendant without counsel is deemed not to have consented to a continuance unless the court advised him of his right to a speedy trial and of the effect of his consent;

"(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

"(A) he is attempting to avoid apprehension or prosecution; or

"(B) the state has been unable to determine his location by due diligence;

"(5) a period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial

"(6) a reasonable period of delay resulting from a continuance granted at the request of the state if the continuance is granted:

"(A) because of the unavailability of evidence that is material to the state's case, if the state has exercised due diligence to obtain the evidence and there are reasonable grounds to believe the evidence will be available within a reasonable time; or

"(B) to allow the state additional time to prepare its case and the additional time is justified because of the exceptional circumstances of the case;

"(7) if the charge is dismissed upon motion of the state or the charge is disposed of by a final judgment and the defendant is later charged with the same offense or another offense arising out of the same transaction, the period of delay from the date of dismissal or the date of the final judgment to the date the time limitation would commence running on the subsequent charge had there been no previous charge;

"(8) a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run, if there is good cause for not granting a severance;

"(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the state is aware of the detention and exercises due diligence to obtain his presence for trial; and

"(10) any other reasonable period of delay that is justified by exceptional circumstances."