**Ruben Lee DOBBINS, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–81–174–CR.

Court of Appeals of Texas, Fort Worth.

July 14, 1982.

Larry M. Thompson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

### OPINION

HUGHES, Justice.

Ruben Lee Dobbins has appealed his conviction of murder for which he was assessed

confinement in the Texas Department of Corrections for a term of 99 years.

We affirm.

Appellant and deceased were loudly and abusively arguing over the outcome of a football play-off game in the front yard of a mutual friend's house. The friend suggested they call the newspaper office in order to resolve the dispute. The two went into the house but abandoned the idea of calling the newspaper office. They went back outside and continued their argument. Appellant told the deceased, "You don't know me that well ... Be here when I get back." Appellant "spun off" in his truck and the deceased walked to his house down the street.

Shortly thereafter the deceased returned to the house of the mutual friend and sat in a chair on the front porch. Appellant returned in his pickup and parked it a short distance down the street. Appellant left his pickup carrying a rifle. He walked to a position approximately ten feet from where the deceased was sitting and raised the rifle, pointing it toward the deceased. None of the witnesses testifying to this sequence of events, actually saw appellant fire the rifle. One witness turned his head and the other retreated. Immediately after a shot was heard, appellant was seen walking closer to the deceased, looking at deceased, putting his rifle in his pickup, and driving away. The deceased died as the result of a gunshot wound to his head. No weapon was found on deceased's person.

Appellant's first ground of error is that the trial court erred in refusing to submit a charge on voluntary manslaughter to the jury.

■ Voluntary manslaughter is a lesser included offense of murder. V.T.C.A. Penal Code Sec. 19.04 (1974); V.A.C.C.P. art. 37.09 (1981). However, in a murder case, "the charge on voluntary manslaughter is mandatory only when there is evidence that the defendant acted under the immediate influence of sudden passion arising from an adequate cause."

V.T.C.A. Penal Code Sec. 19.04 (1974) reads as follows:

(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

(b) 'Sudden passion' means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

(c) 'Adequate cause' means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

■ It is first important to note that, although the language used by appellant and deceased was abusive, there was no physical contact or the threat of such, made at any time. Secondly, appellant left in his pickup and was gone for fifteen minutes. Certainly this is time enough for cool reflection over an argument as to the outcome of a football game. We hold the evidence insufficient to support a jury instruction on voluntary manslaughter. *McCartney v. State*, 542 S.W.2d 156 (Tex.Cr.App.1976).

As a matter of law, appellant's response was not that of an ordinary person to the alleged provocation. *Ayers v. State*, 606 S.W.2d 936 (Tex.Cr.App.1980). If ever a person showed a heart regardless of social duty and fatally bent on mischief, it was appellant by his killing a fellow human being over such an inconsequential matter. We overrule the first ground of error.

Appellant's second ground of error is that the trial court's refusal to submit an instruction to the jury on voluntary manslaughter constituted a sanction upon appellant's valid exercise of his constitutional right against self-incrimination.

■ In the cases of *Luck v. State*, 588 S.W.2d 371 (Tex.Cr.App.1979, cert. den. 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799) and

*Cerda v. State,* 557 S.W.2d 954 (Tex.Cr.App. 1977), it was held that the defendant must first present evidence that he was acting under the immediate influence of a sudden passion arising from an adequate cause before the State must negate such a contention beyond a reasonable doubt. The holdings of these cases were predicated upon footnote 28 of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), which specifically addresses a defendant's burden of coming forward in a case of voluntary manslaughter.

We overrule appellant's second ground of error relying upon the holdings of *Luck* and *Cerda, supra.*

The judgment of the trial court is affirmed.