Robert Ramirez VASQUEZ, a/k/a
Diablo, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–181–CR.

Court of Appeals of Texas,
Corpus Christi.

March 14, 1985.

Juan M. Gonzales, Beeville, for appellant.

C.F. Moore, Jr., Dist. Atty., Beeville, for appellee.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant was convicted of burglary of a habitation. The court tried the case, found appellant guilty, and then assessed punishment at ten years in the Texas Department of Corrections.

In his first ground of error, appellant contends that his indictment should have been dismissed because constitutional and statutory speedy trial provisions were violated. At trial, appellant, through written motion and subsequent hearing, alleged a violation of the Texas Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1985). The record does not show that appellant, either by motion or argument, raised in the trial court any alleged violation of the United States or Texas Constitutions. Therefore, the constitutional issues are not preserved for appellate review and will not be addressed. *See Fraire v. State*, 588 S.W.2d 789 (Tex.Crim. App.1979). The only issue remaining under this ground of error is whether Texas statutory law was violated. Under the Texas Speedy Trial Act, the State must be ready to prosecute a felony within 120 days of the commencement of a criminal action. Art. 32A.02, Sec. 1(1). The criminal action began on November 9, 1983, when appellant was arrested. Art. 32A.02, Sec. 2(a). The State was therefore required to be ready for trial by March 8, 1984.[1] Prior to

---

1. As noted in *Barbee v. State*, 432 S.W.2d 78 (Tex.Crim.App.1968), the computation of times provided in the Code of Criminal Procedure is controlled by the provisions of Article 5429b–2,

his trial on March 12, 1984, appellant filed a written motion to dismiss the indictment,[2] and a hearing was held before Judge Yeager. Appellant's entire evidence consisted of showing that he had been continuously incarcerated since November 9, 1983. The State's prosecutor then testified that he had announced ready for trial at the arraignment on February 27, 1984,[3] over which Judge Littlejohn had presided. According to the prosecutor, applications for subpoenas had been filed on February 21, 1984 and the State was "indeed ready for trial on that date."

■ He further testified that the appellant's counsel orally moved for a continuance, which was granted by Judge Littlejohn. The trial court then heard argument wherein appellant's counsel stated appellant had "never asked for a continuance."[4] In his brief, appellant asserts that the prosecutor's announcement of ready at the arraignment was merely an announcement of *ready for the arraignment* and not for trial. No statement of facts from the arraignment is included in the record. No written announcement of ready is included in the record, and the trial court's docket sheet regarding the arraignment merely reflects: "State appeared, announced ready, defendant appeared, attorney appointed." Thereafter, stamped on the docket sheet is the notation that "State, Defendant, and Defendant's Attorney appeared and announced ready; Defendant waived reading of indictment; Defendant arraigned and pleaded" not guilty. No notation appears of a continuance being requested or granted. No notation appears showing that the State was ready for trial. The state of the record is thus that it neither supports, nor conflicts, with the

explanations given to Judge Yeager by either the State's prosecutor *or* the appellant's counsel. For reasons set forth below, we hold that Judge Yeager did not err in denying appellant's motion to dismiss the indictment.

■ We first set forth the applicable law. By the provisions of the Speedy Trial Act, until appellant timely and properly invoked the provisions of the Act, the State was not required to make any declaration or announcement that it was ready for trial, or that sufficient periods of time were excludable under the Act. *See Smith v. State*, 659 S.W.2d 828 (Tex.Crim.App.1983); *Fraire v. State*, 588 S.W.2d 789 (Tex.Crim. App.1979); *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979).

■ If, however, the State made an announcement of ready within the statutory period, a prima facie showing of readiness was created, and it became incumbent upon the appellant to show that the State was, in fact, not ready. *Stokes v. State*, 666 S.W.2d 493 (Tex.Crim.App.1983); *Apple v. State*, 647 S.W.2d 290 (Tex.Crim.App. 1983). On the other hand, where the State remains silent until the expiration of the statutory time period and the defendant then timely invokes the provisions of the Act, the State has the burden to establish that it is ready for trial and was ready for trial within the statutory time, or establish that sufficient periods of time were excludable under the Act. *See Smith v. State*, 659 S.W.2d 828 (Tex.Crim.App.1983). The threshold question is: Did the State's announcement of "ready" at the arraignment create a prima facie showing of readiness and shift the burden to the appellant of

§ 2.04(a), (b) (Code Construction Act), which provides in pertinent part:
 (a) In computing periods of days, the first day is excluded and the last day is included.

**2.** A motion to dismiss filed on the day of, but prior to, trial timely invokes the protections of the Texas Speedy Trial Act. *Noel v. State*, 687 S.W.2d 320 (Tex.Crim.App.1984).

**3.** In its brief, the State represents that "trial was set for February 7, 1984 at which time the State

announced ready for trial." Other references are made to February 27, 1984. It appears that all references in the State's brief should be to February 27.

**4.** In a criminal case, statements of the attorneys explaining events may be properly considered. *Canada v. State*, 660 S.W.2d 528 (Tex.Crim.App. 1983). *Quevedo v. State*, 661 S.W.2d 321 (Tex. App.—Corpus Christi 1983, pet. ref'd).

showing that the State was not ready? In the present case, regardless of the answer to this question, the trial court was correct in overruling appellant's motion.

If the State announced *ready for trial* on February 27, 1984, the burden to show unreadiness fell on the appellant and he failed in this regard. If, however, the State announced ready for trial for the first time at the pretrial hearing on March 12, 1984 (outside the statutory 120 day period), then the burden was on the State to show that it was in fact ready before the expiration of the 120th day. The State's attorney testified that he had been ready within the statutory time period and was ready to go to trial. If indeed the burden was on the State to show readiness, this testimony was sufficient to sustain its burden. *Philen v. State*, 683 S.W.2d 440 (Tex. Crim.App.1984).

■ We also note that if the appellant requested a continuance, the period of delay would be excluded from the time in which the State had to be ready. Art. 32A.02, Sec. 4(3). In any event, Judge Yeager heard conflicting evidence on whether appellant had requested a continuance and he heard the State explain that it had previously announced ready for trial and, in fact, had been ready for trial. Given the conflicting evidence and the trial court's role as the finder-of-fact at pretrial hearings, we cannot find that the trial court erred in overruling appellant's motion to dismiss the indictment. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant claims that the trial court erred in holding trial to the court since appellant "never did voluntarily, knowingly and intelligently waive his right to a jury trial." The record shows that appellant, who spoke no English, was confused, initially believing that a waiver of jury was equivalent to a plea of guilty. Without setting out verbatim ten pages of the statement of facts, the record shows that after several recesses for counsel to confer with appellant, and after extensive questioning by the trial court, appellant clearly indicated his desire to plead not guilty and to have the judge try the case. The record also contains a proper written jury waiver form. Appellant's second ground of error is overruled.

In his third ground of error, appellant challenges the sufficiency of the evidence. This is a circumstantial evidence case. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The evidence shows that on June 30, 1983, Audrey Harper discovered that his ranch house had been burglarized. Harper had been away for three or four days so the date of the actual unauthorized entry fell somewhere between his departure and June 30, 1983. A number of items were taken from the house, including guns with known serial numbers, Navajo woven mohair blankets, a pair of Lucchese boots, a belt, and various knives and holsters. Entry into the house was made by breaking a bedroom window. A tennis shoe footprint was found on the bed next to the broken window. A different footprint was found on a piece of paper lying next to an overturned gun cabinet, and later a pair of work shoes was recovered from appellant's residence which had the same footprint design. On July 4, 1983, police officers searched the house of Guadalupe Moya, where appellant was living. Inside, they found the stolen Navajo blankets on the living room couch. In the trunk of a vehicle parked next to the house, the officers found some of the items taken from the Harper residence. A second search of the house uncovered Harper's Lucchese boots and some of the stolen rifles, which had been hidden between the mattresses of a bed shared by Guadalupe Moya and appellant.

The search of a second vehicle, this one behind the Moya residence, uncovered other rifles taken in the burglary.

When appellant was arrested in November, he was wearing a belt, with knife and holster, which had been taken from the Harper house.

■ The State also presented evidence that on July 30, 1983, appellant and someone else sold Fidel Rios two pistols taken from the Harper house. Rios testified that appellant and another man came to his house. Appellant negotiated the sale of the guns. The other person did not talk about the guns. From this testimony, the trier of fact could have believed appellant was claiming an interest in the stolen property. *See Edwards v. State*, 561 S.W.2d 834, 840 (Tex.Crim.App.1977). Guadalupe Moya testified that she first learned about some of the items found in her house when they were uncovered by the police.

Appellant argues that this circumstantial evidence is insufficient to show that he entered the Harper house. Appellant notes that there was no direct evidence which placed him at the scene of the offense. Appellant then alleges that there were many reasonable hypotheses which the State did not exclude, noting that appellant may have purchased the items from the actual burglar. He cites *Etheredge v. State*, 542 S.W.2d 148 (Tex.Crim.App.1976), which we do not find to be on point.

■ Since the facts of each circumstantial evidence case are unique, prior case law is only instructive and can only be used as a guide in determining the sufficiency of the evidence in a particular case. *Rodriguez v. State*, 549 S.W.2d 747 (Tex. Crim.App.1977). In a burglary case, an inference or presumption of guilt sufficient to sustain a conviction may arise from the defendant's possession of property stolen or taken in a recent burglary. *Rodriguez v. State*, 549 S.W.2d at 749.

However, in order to warrant such an inference or presumption of guilt from the circumstances of possession alone, such possession must be personal, it must be recent, it must be unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant.

Additionally, where evidence of recently stolen property is relied upon for conviction, it must be shown that the property was the identical property taken from the burglarized place. *Nelson v. State*, 505 S.W.2d 271, 272 n. 1 (Tex.Crim.App.1974). The record does not show that appellant made an explanation of, or gave any reason for, his possession of the stolen goods. *See Williams v. State*, 504 S.W.2d 477 (Tex.Crim.App.1974).

■ In this case, appellant's possession of some of the items taken from the Harper house at the time of his arrest, his selling of some of the items to Fidel Rios shortly after the burglary, the discovery of various items in and around his home, the lack of explanation of his possession of these items, and the matching footprint provide sufficient evidence from which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant contends that the trial court erred in allowing Guadalupe Moya to testify at appellant's trial as she was his common-law wife. If appellant and Moya had entered into a common-law marriage, her testimony would violate TEX.CODE CRIM.PROC. ANN. art. 38.11 (Vernon 1979). It is well settled that the existence of a common-law marriage, if raised by the evidence, should be decided by the trier of fact. *Bodde v. State*, 568 S.W.2d 344 (Tex.Crim.App.1978). In this case, the trier of fact was the trial court. In reviewing the testimony of Guadalupe Moya, we find that she denied being married to appellant, did not use his last name, and did not hold herself out to the public as appellant's wife. Although at one point she did affirmatively answer a question as to whether she considered themselves man and wife, her full testimony shows that she did not consider herself married to appellant. Even if her testimony can be interpreted as an admission that she considered herself appellant's wife, this would not establish a common-law marriage since the law requires a "holding

out" of each other to the public as husband and wife. *Hightower v. State,* 629 S.W.2d 920 (Tex.Crim.App.1981); *Esparza v. Esparza,* 382 S.W.2d 162 (Tex.Civ.App.—Corpus Christi 1964, no writ). In this case, there is no evidence of a "holding out" and thus no evidence of a common-law marriage. The evidence was clearly sufficient to allow the trier of fact to determine that no common-law marriage existed. Appellant's fourth ground of error is overruled.

The judgment of the trial court is AFFIRMED.