Michael William BOONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 67065.

Court of Criminal Appeals of Texas, En Banc.

May 15, 1985.

Rehearing Denied July 24, 1985.

James E. Davis, Jim Hudson, Texarkana, Ark., for appellant.

Neal Birmingham, Dist. Atty., Linden, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of involuntary manslaughter. Punishment was assessed at five years' confinement.

In his first ground of error, appellant contends the evidence adduced at trial was insufficient to show that his conduct caused the victim's death. The evidence showed that the victim, an eighteen year old woman in good health was riding in a car which rear-ended a car driven by appellant on Highway 59 in northeast Texas. At the time of the accident appellant was backing up on the highway and, although it was dark, testimony showed that the lights on appellant's car were not turned on. The victim was rendered unconscious as a result of the accident and was taken to the Atlanta Memorial Hospital with head injuries. Shortly thereafter, she was transferred to Schumpert Hospital in Shreveport, Louisiana. She never regained consciousness and died there six days later. No medical testimony was introduced showing the cause of death. Appellant maintains that, absent some medical testimony, there is no way to determine whether the deceased died from injuries sustained in the accident or from some other cause such as allergies to drugs administered, or infec-tions contracted while she was in the hospital.

In 29 Tex.Jur.2d, Homicide, Section 180, p. 282, it is written:

> "Opinion evidence is not the only mode of establishing the cause of the decedent's death; circumstantial evidence may fully suffice for this purpose. It is not necessary to establish by the testimony of a physician the fact that the wounds inflicted by the defendant caused the death; it is sufficient if it appears from all the evidence that the wounds were sufficient to cause death, and that death occurred within a reasonable time after the wounds were inflicted. It is permissible to show the good health of the deceased prior to a shooting, his condition thereafter and his subsequent death." (footnotes omitted)

Although it would have been preferable to have some medical testimony introduced into the record as to the cause of the victim's death, we find that, based on the record before us, the evidence is sufficient to show that the victim died as a result of the injuries sustained in the accident caused by appellant. Any other theory is totally speculative. See *Guerrero v. State*, 605 S.W.2d 262 (Tex.Cr.App.1980); *Hines v. State*, 515 S.W.2d 670 (Tex.Cr.App.1974); *Williams v. State*, 464 S.W.2d 114 (Tex.Cr. App.1971); *Morris v. State*, 168 Tex.Cr.R. 29, 322 S.W.2d 632 (1959). Compare *Reeves v. State*, 131 Tex.Cr.R. 560, 101 S.W.2d 245 (1937) (where record contained evidence of another potential cause of death). Appellant's first ground of error is overruled.

In his third ground of error, appellant argues that the court's charge on the presumption of intoxication amounted to a comment by the court on the weight and credibility of the evidence and caused the burden of proof to be shifted to the defendant. The abstract portion of the charge defined the offense of involuntary manslaughter and intoxication. Then followed a paragraph on the presumption of intoxication:

**469**

"Where evidence of the amount of alcohol in a person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine or any other bodily substance, shows to have been 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor; however this presumption may be overcome by other evidence showing that the person was not under the influence of intoxicating liquor."

Appellant objected to the charge on the same grounds now urged on appeal.

In *Eckman v. State*, 600 S.W.2d 937 (Tex.Cr.App.1980), this Court examined a similar charge and wrote the following:

"... We also observe that the charge actually given instructed the jury that the presumption 'may be overcome by evidence,' while it neglected to inform the jury, as required by [V.T.C.A., Penal Code,] Sec. 2.05, that if it had 'a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.' In this respect the charge was at best confusing, and could have shifted the burden of proof in the minds of the jurors." [material in brackets added] 600 at 939.

See also *Ginther v. State*, 605 S.W.2d 610 (Tex.Cr.App.1980).

We find that the court's charge in the instant case suffers from the same defect as the charges in the two cases cited above. The charge as worded created the possibility that the jury could have misunderstood the burden of proof as to the presumption of intoxication. Under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), the requisite harm is clearly demonstrated. Thus the trial court erred in overruling appellant's objection to the charge.

The judgment is reversed and remanded.

TEAGUE, J., concurs in the result.