**Ruben Edward FRANKLIN,
III, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–86–231–CR.

Court of Appeals of Texas,
Fort Worth.

July 15, 1987.

Pamela J. Moore, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Delonia A. Watson, Asst. Dist. Attys., Fort Worth, for the State.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

OPINION

FENDER, Chief Justice.

Ruben Edward Franklin, III appeals his conviction for sexual assault, a second degree felony. *See* TEX.PENAL CODE ANN. sec. 22.011 (Vernon Supp.1987). Upon finding that allegations of two prior felony convictions were true, the jury assessed appellant's punishment at 30 years confinement in the Texas Department of Corrections. Appellant appeals on the grounds that the trial court wrongfully overruled his motion to set aside the indictment for violation of his statutory right to a speedy trial and that the trial court improperly denied submission of his requested jury charges.

We affirm.

On May 8, 1985, appellant was arrested for the offense underlying this conviction.

On August 30, 1985 the indictment was handed down and the State announced ready. The indictment was served on appellant on September 3, 1985 and the 120th day elapsed two days later.

In his first point of error, appellant claims that his right to a speedy trial was violated by the State's delay in serving him with the indictment until the 118th day. *See* TEX.CODE CRIM.PROC.ANN. art. 32A.02, sec. 1(1) (Vernon Pamph.Supp. 1987). At that point appellant exercised his right to take ten days to file written pleadings. *See* TEX.CODE CRIM.PROC.ANN. art. 27.12 (Vernon 1966). Since the State cannot compel appellant to forego this statutory right and appellant chose not to waive it, appellant concludes that he was "absent" for purposes of the Speedy Trial Act when the 120th day elapsed. Appellant further argues that the delay forced him to choose between two statutorily protected rights, i.e., the right to a speedy trial and the right to ten days for preparing written pleadings. Consequently, appellant claims he was deprived of his due process, equal protection, and effective assistance of counsel rights. *See* U.S. CONST. amends. IV, VI, XIV; TEX. CONST. art. I, sec. 10.

The Texas Court of Criminal Appeals has recently held that the entire Texas Speedy Trial Act (article 32A.02) and article 28.061 of the Texas Code of Criminal Procedure are unconstitutional for violating the separation of powers doctrine of the Texas Constitution. *See Meshell v. State*, cause no. 1339–85, slip op. at TC–87–25–103 (Tex.Crim.App., July 1, 1987) (not yet reported). We, therefore, must overrule appellant's first point of error.

In his second and third points of error, appellant challenges the trial court's failure to submit two requested charges defining "force." The charges requested by appellant were worded as follows:

Charge one: The threat of force must be reasonably perceived by one in the position of the victim to be connected with the requirement that the victim submit to the sexual assault.

Charge two: The threat of force must be reasonably perceived by one in the position of the victim to be connected with the requirement of the victim's submission to the sexual assault and must be of such a nature that it would compel a person of ordinary resolution to submit.

Appellant recognizes that "force" and "threat of force" are not presently defined in the Texas Penal Code. Nonetheless, appellant claims the terms should have been defined so that the jury would have been guided by a proper charge as to the type and amount of force which would have rendered the act criminal. Appellant further argues that the failure to submit these definitions deprived him of his due process and equal protection rights. *See* U.S. CONST. amends IV, XIV; TEX. CONST. art. I, sec. 10.

The general rule applicable to this issue is set out in *Andrews v. State*, 652 S.W.2d 370 (Tex.Crim.App.1983). The Court stated:

Our research reveals that in the more recent past this Court has subscribed to the rule that if a word, term, or phrase had not at the time of trial been statutorily defined, there is no requirement to define that word, term, or phrase in the court's charge.

*Id.* at 375. The Court held that this rule applies even when the term may have acquired a technical meaning because it had previously been statutorily defined. On the phrase "prurient interest" the Court wrote:

[T]he mere fact that a word, term, or phrase had acquired a technical meaning in everyday or past usage does not mean that it must be defined in a court's charge to a jury in an obscenity case.

*Id.* Likewise, the Court has stated that where there is no statutory definition of a term "the question is whether the term has such a common and ordinary meaning that jurors can be fairly presumed to know and apply such meaning." *Phillips v. State*, 597 S.W.2d 929, 937 (Tex.Crim.App.1980).

■ The court's charge in this case included charges on aggravated sexual assault, sexual assault, and assault, each of which tracked the language of the pertinent statutes. *See* TEX.PENAL CODE ANN. secs. 22.01, 22.011, 22.021 (Vernon Supp.1987). Although the terms appellant sought to have defined in the charge were statutorily defined in the past, that provision was repealed long before the time of this trial. *See* Act of May 15, 1975, ch. 203, secs. 1–2, 1975 Tex.Gen.Laws 476, 476–77, *repealed by* Act of June 19, 1983, ch. 977, sec. 12, 1983 Tex.Gen.Laws 5311, 5321 (effective Sept. 1, 1983). We note that the cases appellant cites in support of his argument, *Delgado v. State*, 628 S.W.2d 68 (Tex.Crim.App.1982) and *Banks v. State*, 530 S.W.2d 940 (Tex.Crim.App.1975), were decided prior to this statute's repeal and, therefore, we do not find them controlling in this case. Since the terms "force" and "threat of force" were not statutorily defined at the time of this trial and we find that these terms have such common and ordinary meanings that jurors can fairly be presumed to know and apply such meanings, we hold that the trial court did not err in refusing to submit such charges. Appellant's second and third points of error are overruled.

The conviction is affirmed.