**Percy Edward JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00294–CR.**

Court of Appeals of Texas,
Dallas.

Oct. 13, 1987.

Ruth Diane Lown, Dallas, for appellant.

Michael A. Klein, Dallas, for appellee.

Before DEVANY, McCLUNG and HECHT[1], JJ.

DEVANY, Justice.

Percy Edward Jones was tried before a jury and convicted of the murder of his

1. Justice Nathan L. Hecht did not participate in the decision of this case.

wife, Debra Nelson Jones. Punishment was assessed at life imprisonment in the Texas Department of Corrections. Appellant presents five points of error which may be summarized as follows: that his constitutional and statutory right to a speedy trial was denied; that the evidence is insufficient to support the State's theory of causation; that the trial court erred in refusing to give the jury appellant's requested charge on voluntary manslaughter; and that certain video tapes were erroneously admitted into evidence. We find no merit in appellant's points of error and affirm the judgment.

In his first two points of error, appellant maintains that his constitutional and statutory right to a speedy trial was violated.

At trial, appellant, through written motion and subsequent hearing, alleged a violation of the Texas Speedy Trial Act. TEX. CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1987). However, the record does not reflect that appellant, either by motion or argument, preserved any error in the trial court concerning the alleged violation of the United States or Texas Constitutions. Consequently, the constitutional point of error is not preserved for review and is overruled. *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987) (not yet reported); *Fraire v. State*, 588 S.W.2d 789, 791 (Tex.Crim.App.1979); *Vasquez v. State*, 694 S.W.2d 56, 57 (Tex.App.—Corpus Christi 1985, pet. ref'd); *Taylor v. State*, 666 S.W.2d 157, 159 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd.).

In the *Meshell* case, the Texas Court of Criminal Appeals held that the Texas Speedy Trial Act and article 28.061 of the Texas Code of Criminal Procedure are unconstitutional because they violate the separation of powers doctrine of the Texas Constitution. Consequently, we must overrule appellant's second point of error. *Meshell*, at 258; *Franklin v. State*, 733 S.W.2d 715, 716 (Tex.App.—Fort Worth 1987, no pet.).

In appellant's third point of error, he argues that the State failed to prove the cause of death as was alleged in the indictment. In pertinent part, the indictment alleged that:

> [Appellant] ... did intentionally and knowingly strike the said DEBRA NELSON JONES with a fireplace poker, which act caused the death of DEBRA NELSON JONES.

Section 6.04 of the Penal Code states:

§ 6.04. Causation: Conduct and Results

(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

(b) A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that:

(1) a different offense was committed; or

(2) a different person or property was injured, harmed, or otherwise affected.

Dr. Charles Petty, Dallas County Chief of Forensic Pathology, conducted the autopsy on Debra Nelson Jones. The autopsy showed that she suffered numerous cuts, abrasions, bruises, and lacerations about the head, chest, arms, and hands as a result of the vicious beating inflicted on her with a fireplace poker. Dr. Petty testified that the beating left her slumped, half on the bed and half on the floor. She lay face up with "her head cocked up" on her chest and one leg still propped on the bed. She was a heavyset lady; therefore, the weight of her leg and her belly was directed up toward her diaphragm. This pushed the diaphragm up and made breathing impossible. Since she was rendered unconscious by the beating, she could not move into a position where breathing was possible. Dr. Petty further testified that, in an unconscious person, the tongue tends to fall backward and downward which also compromises his or her ability to breathe. In his opinion, the victim was beaten into unconsciousness, causing her to fall into a position where she could not breathe. As a

direct consequence, she died of asphyxiation.

It is appellant's contention that, because none of the photographs introduced into evidence showed the victim's head pressed against the wall or her chin cocked down against her chest, there was no basis of support for Dr. Petty's opinion and no evidence that appellant's actions caused his wife's death.

■ State's exhibits numbered 39 and 40 are photographs of the bedroom where the incident took place. These photographs show blood stains on the lower part of the wall which are consistent in size and distribution with Dr. Petty's theory showing that for a time the victim's head was against the wall. We are persuaded that this evidence adequately supports Dr. Petty's testimony.

■ Furthermore, even if Dr. Petty's testimony were excluded, there is still sufficient evidence to prove causation. Although it is usually preferable to have a pathologist testify regarding the cause of death, such testimony is not always essential. *Streetman v. State*, 698 S.W.2d 132, 135 (Tex.Crim.App.1985); *Boone v. State*, 689 S.W.2d 467, 468 (Tex.Crim.App.1985). In the *Boone* case, the court, quoting from 29 Tex.Jur.2d, Homicide, section 180, p. 282, wrote:

> Opinion evidence is not the only mode of establishing the cause of the decedent's death; circumstantial evidence may fully suffice for this purpose. It is not necessary to establish by the testimony of a physician the fact that the wounds inflicted by the defendant caused the death; it is sufficient if it appears from all the evidence that the wounds were sufficient to cause death, and that death occurred within a reasonable time after the wounds were inflicted. It is permissible to show the good health of the deceased prior to a shooting, his condition thereafter and his subsequent death. (Footnotes omitted.)

*Boone*, 689 S.W.2d at 468.

Appellant does not deny that he struck the victim repeatedly with a fireplace poker. There was ample evidence of the severity of the victim's wounds. There was no evidence that she was in bad health, nor was any other factor, other than the beating, offered as a cause of her death. The record appears to clearly establish that appellant caused the victim's death. See *Boone*, 689 S.W.2d at 488; *Wright v. State*, 388 S.W.2d 703, 703–706 (Tex.Crim.App. 1965); *Tellez v. State*, 162 Tex.Crim. 456, 457, 286 S.W.2d 154, 155 (1955); *Thompson v. State*, 677 S.W.2d 73, 75–77 (Tex.App.— Beaumont 1983, pet. ref'd). Appellant's third point of error is overruled.

Appellant's fourth point of error asserts that the trial court should have granted his request to charge the jury on voluntary manslaughter. Joyce McMorris, a friend of the appellant, testified that appellant told her he had killed his wife when he became angry after she "scratched" him. Appellant contends that this testimony is sufficient to require the trial court to charge the jury, on voluntary manslaughter. We do not agree.

Voluntary manslaughter is a lesser included offense of murder. TEX.PENAL CODE ANN. § 19.04 (Vernon 1974). In a murder case, a charge on voluntary manslaughter is mandatory only when there is evidence that the defendant acted under the immediate influence of sudden passion arising from an adequate cause. *Hobson v. State*, 644 S.W.2d 473, 477–478 (Tex. Crim.App.1983); *Jones v. State*, 687 S.W.2d 425, 427 (Tex.App.—Dallas 1985, pet. ref'd).

■ Ms. McMorris further testified that when she asked appellant if he was afraid that he would be caught he replied that he had planned the murder very carefully. Also, the evidence shows that appellant murdered his wife while she was asleep in her bed and not during the course of any argument. There is not a scintilla of evidence that appellant was acting under the *immediate influence* of a *sudden passion* arising from an *adequate cause*. We note that appellant did not testify in his own behalf or offer any evidence to contradict the strong evidence supporting the charge of murder. Consequently, the trial court properly refused to charge the jury on vol-

untary manslaughter. *See Luck v. State,* 588 S.W.2d 371, 374–375 (Tex.Crim.App. 1979); *Payne v. State,* 668 S.W.2d 495, 496–497 (Tex.App.—Austin 1984, no pet.); *Martinez v. State,* 664 S.W.2d 822, 825 (Tex.App.—Austin 1984, no pet.); *Dobbins v. State,* 636 S.W.2d 276, 277 (Tex.App.— Fort Worth 1982, no pet). Appellant's fourth point of error is overruled.

Appellant lastly asserts that the introduction of certain video tapes into evidence was error. Appellant has failed to include in the record on appeal the tapes complained of, and he has not complained about the absence of the tapes. The burden to present a sufficient record is on the appealing party. *Rivera v. State,* 581 S.W.2d 161, 163 (Tex.Crim.App.1979); *Ochoa v. State,* 688 S.W.2d 888, 889 (Tex.App.—Corpus Christi 1985, no pet.). The issue urged by appellant cannot be reviewed on the record before us. *Nethery v. State,* 692 S.W.2d 686, 701 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Hart v. State,* 447 S.W. 2d 944, 948 (Tex.Crim.App.1970); *Dickson v. State,* 415 S.W.2d 183, 184 (Tex.Crim. App.1967); *Short v. State,* 658 S.W.2d 250, 255 (Tex.App.—Houston [1st Dist.] 1983), *aff'd,* 671 S.W.2d 888 (Tex.Crim.App.1984).

The judgment is affirmed.