NO. 07-03-0394-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 30, 2004



______________________________



NATIONAL FIVE STARS, INC. D/B/A EXXON TRAVEL CENTER


AND ALL OCCUPANTS, APPELLANT



V.



BOC ACQUISITIONS, L.L.C., APPELLEE



_________________________________



FROM THE COUNTY COURT OF WILBARGER COUNTY;



NO. 4371; HONORABLE GARY B. STREIT, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On April 12, 2004, appellant filed a Motion to Dismiss pursuant to agreement of the
parties. The motion includes a certificate of conference and a certificate of service that
counsel for appellee was served a copy of the motion by first class mail on April 9, 2004. 
Appellee has no opposition to this Motion.


 Accordingly, without passing on the merits of the case, appellant's Motion to
Dismiss is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.1(a)(1).

 

 Phil Johnson

 Chief Justice





araMark/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0174-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                          NOVEMBER
18, 2010

 

                                            ______________________________

 

 

                                                  KACIE VIRGINIA FERGUSON,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                            ______________________________

 

                          FROM THE 223rd
DISTRICT COURT OF GRAY COUNTY;

 

                                      NO. 6917;
HON. LEE WATERS, PRESIDING

                                            ______________________________

 

Memorandum Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Appellant, Kacie
Virginia Ferguson, appeals her conviction for possession of a controlled
substance.  Through two issues, appellant
contends that she was denied a speedy hearing and a speedy sentencing under the
Due Process Clause of the 14th Amendment and the Speedy Trial Clause
under the Sixth Amendment of the United States Constitution.  We affirm.

Background

            Appellant was placed on deferred
adjudication probation for possession of a controlled substance on January 31,
2006.  The State, on August 29, 2007,
filed a motion to proceed with the adjudication of guilt and a warrant for her
arrest was issued on the same day.  On
September 8, 2007, appellant appeared before a magistrate wherein bond was set
at $5,000.  Counsel was appointed to
represent appellant on September 7, 2007. 
Then, on October 4, 2007, the State amended its motion to proceed with
adjudication of guilt.  A hearing was
held on May 21, 2009, and judgment was entered on the same day adjudicating
appellant guilty and sentencing her to eighteen months in a state jail.  

            At the time of the hearing,
appellant requested a continuance and the following exchange occurred:

MR.
BIGGERS [Defense counsel]: Your Honor, were ready on the motion;      however, we are seeking a continuance
based on my clients medical condition.

 

            THE COURT:  All right. 
If youll go ahead and state your position on that?

 

            MR. BIGGERS:  Okay.

 

            THE COURT:  You want a continuance from - - you want the
hearing continued?

 

MR.
BIGGERS:  I want the hearing
continued.   Basically up front with the
Court, we have a time offer.  Were not
opposed to that; however, due to the clients condition, I dont think that she
could receive proper treatment in a State Jail Facility.[1]  Thats my experience.  And were seeking to try to get the
sentencing portion of this put off until September.  

 

            The State opposed the motion for
continuance stating that the motion was originally filed on 8-16 of 07, and
had been scheduled for a plea on February 7, 2008.  However, the State did not know why the plea
did not go forth and furthermore the hearing had been continued three
times.  The trial court denied the
request.  Appellant pled true to several
of the allegations contained in the motion. 
She, now, complains on appeal that her right to a speedy trial had been
violated.  

            In reviewing the record, we note
that appellant failed to raise her speedy trial argument at both the
adjudication portion of the hearing and at sentencing.  According to the Court of Criminal Appeals in
Mulder v. State, such a default results in a
waiver of the complaint, thus she waived both issues.  Mulder v. State,
707 S.W.2d 908, 914-15 (Tex. Crim. App. 1986); Fraire v. State,
588 S.W.2d 789, 791 (Tex. Crim. App. 1979); Wade v. State, 83 S.W.3d 835, 838-39 (Tex. App.Texarkana
2002, no pet.).  Additionally, other
courts have refused to consider a speedy trial claim that was not asserted in
the trial court.  See Oldham v. State, 5 S.W.3d 840, 846 (Tex.
App.Houston [14th Dist.] 1999, pet. ref'd) (holding that unless a defendant brings the matter
to the attention of the trial court, he or she cannot be said to have asserted
his or her right to a speedy trial; and, without a hearing, the prosecution has
no opportunity to establish the reasons for the delay, and neither party can
adequately establish or refute the existence of prejudice); Guevara v. State, 985 S.W.2d 590, 592-93
(Tex. App.Houston [14th Dist.] 1999, pet. refd) (holding that under Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States
Supreme Court has also said the defendant bears some responsibility to assert
the right); Ramirez v. State, 897
S.W.2d 428, 431 (Tex. App.El Paso 1995, no
pet.) (holding that before a court can conduct a speedy trial analysis, the
record must reflect that appellant raised his speedy trial claim in the trial
court); Serna v. State, 882 S.W.2d
885, 889-90 (Tex. App.Corpus Christi 1994, no
pet.); Jones v. State, 740 S.W.2d
497, 498 (Tex. App.Dallas 1987, pet. ref'd);  Vasquez v. State, 694 S.W.2d 56, 57
(Tex. App.Corpus Christi 1985, pet. ref'd); Taylor v.
State, 666 S.W.2d 157, 159 (Tex. App.Houston [14th Dist.]
1983, pet. ref'd). 
 

Accordingly,
we affirm the judgment of the trial court.

                                                                                    

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

 

 

  Do
not publish.











[1]We note that further in the record we
find that appellant was approximately five and a half months pregnant at the
time of the hearing.