NO.  07-09-0174-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 18, 2010

_____


KACIE VIRGINIA FERGUSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 223rd DISTRICT COURT OF GRAY COUNTY;

NO. 6917; HON. LEE WATERS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Kacie Virginia Ferguson, appeals her conviction for possession of a controlled substance.  Through two issues, appellant contends that she was denied a speedy hearing and a speedy sentencing under the Due Process Clause of the 14th Amendment and the Speedy Trial Clause under the Sixth Amendment of the United States Constitution.  We affirm.

## *Background*

Appellant was placed on deferred adjudication probation for possession of a controlled substance on January 31, 2006. The State, on August 29, 2007, filed a motion to proceed with the adjudication of guilt and a warrant for her arrest was issued on the same day. On September 8, 2007, appellant appeared before a magistrate wherein bond was set at $5,000. Counsel was appointed to represent appellant on September 7, 2007. Then, on October 4, 2007, the State amended its motion to proceed with adjudication of guilt. A hearing was held on May 21, 2009, and judgment was entered on the same day adjudicating appellant guilty and sentencing her to eighteen months in a state jail.

At the time of the hearing, appellant requested a continuance and the following exchange occurred:

> MR. BIGGERS [Defense counsel]: Your Honor, we're ready on the motion; however, we are seeking a continuance based on my client's medical condition.
>
> THE COURT: All right. If you'll go ahead and state your position on that?
>
> MR. BIGGERS: Okay.
>
> THE COURT: You want a continuance from - - you want the hearing continued?
>
> MR. BIGGERS: I want the hearing continued. Basically up front with the Court, we have a time offer. We're not opposed to that; however, due to the client's condition, I don't think that she could receive proper treatment in a State Jail Facility.[1] That's my experience. And we're seeking to try to get the sentencing portion of this put off until September.

The State opposed the motion for continuance stating that the motion was "originally filed on 8-16 of '07," and had been scheduled for a plea on February 7, 2008. However, the State did not know why the plea did not go forth and furthermore the

---

[1]We note that further in the record we find that appellant was approximately five and a half months pregnant at the time of the hearing.

2

hearing had been continued three times. The trial court denied the request. Appellant pled true to several of the allegations contained in the motion. She, now, complains on appeal that her right to a speedy trial had been violated.

In reviewing the record, we note that appellant failed to raise her speedy trial argument at both the adjudication portion of the hearing and at sentencing. According to the Court of Criminal Appeals in *Mulder v. State*, such a default results in a waiver of the complaint, thus she waived both issues. *Mulder v. State*, 707 S.W.2d 908, 914-15 (Tex. Crim. App. 1986); *Fraire v. State*, 588 S.W.2d 789, 791 (Tex. Crim. App. 1979); *Wade v. State*, 83 S.W.3d 835, 838-39 (Tex. App.–Texarkana 2002, no pet.). Additionally, other courts have refused to consider a speedy trial claim that was not asserted in the trial court. See *Oldham v. State*, 5 S.W.3d 840, 846 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd) (holding that unless a defendant brings the matter to the attention of the trial court, he or she cannot be said to have asserted his or her right to a speedy trial; and, without a hearing, the prosecution has no opportunity to establish the reasons for the delay, and neither party can adequately establish or refute the existence of prejudice); *Guevara v. State*, 985 S.W.2d 590, 592-93 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd) (holding that under *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court has also said the defendant bears some responsibility to assert the right); *Ramirez v. State*, 897 S.W.2d 428, 431 (Tex. App.–El Paso 1995, no pet.) (holding that before a court can conduct a speedy trial analysis, the record must reflect that appellant raised his speedy trial claim in the trial court); *Serna v. State*, 882 S.W.2d 885, 889-90 (Tex. App.–Corpus Christi 1994, no pet.); *Jones v. State*, 740 S.W.2d 497, 498 (Tex. App.–Dallas 1987, pet. ref'd); *Vasquez*

*v. State*, 694 S.W.2d 56, 57 (Tex. App.–Corpus Christi 1985, pet. ref'd); *Taylor v. State*, 666 S.W.2d 157, 159 (Tex. App.–Houston [14th Dist.] 1983, pet. ref'd).

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.