**Affirm and Opinion Filed September 5, 2013**



## In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-00682-CR

**JAMESHA LYNNE LEWIS, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F02-71639-M

### MEMORANDUM OPINION
Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Bridges

Jamesha Lynne Lewis appeals her conviction for burglary of a habitation. The trial court assessed punishment at eight years in prison. In four issues, appellant claims she was denied her right to a speedy revocation hearing, the State failed to meet its due diligence burden in executing the capias in this case, she received ineffective assistance of counsel at the revocation hearing, and her plea of true was involuntary. We affirm.

Appellant was indicted for burglary of a habitation. She pleaded guilty pursuant to an agreement with the State and, on May 5, 2003, the trial court placed appellant on deferred adjudication for five years and assessed a $1500 fine. On August 8, 2005, the State filed a motion to revoke, alleging she had violated numerous conditions including testing positive for marijuana, failing to report to the supervision officer, failing to pay various fines, and failing to

perform community service hours. That same day, a capias issued. Appellant, however, had absconded, and the State was unable to locate her until February 6, 2012 when she was arrested on the capias. At the hearing on the motion to revoke, appellant pleaded true to the allegations in the State's motion to revoke. Although the State recommended punishment of two years, the trial court assessed punishment at eight years in prison. This appeal followed.

In her first issue, appellant contends she was denied her right to a speedy revocation hearing because the hearing did not take place until nearly seven years after the State filed its motion to revoke.

The right to a speedy trial guaranteed by the Constitutions of the United States and Texas is applicable to probation revocation proceedings. *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978). Nevertheless, a defendant has some responsibility to assert a speedy trial claim. *See Jones v. State*, 740 S.W.2d 497, 498 (Tex. App.—Dallas 1987, pet ref'd) (appellant failed to preserve complaint of violation of constitutional right to speedy trial when he did not allege complaint, either by motion or argument, in trial court); *Fuller v. State*, 224 S.W.3d 823, 826–27 (Tex. App.—Texarkana 2007, no pet.); *Oldham v. State*, 5 S.W.3d 840, 847 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *see also Fraire v. State*, 588 S.W.2d 789, 791 (Tex. Crim. App. [Panel Op.] 1979) (court would not consider appellant's complaint that right to speedy trial was violated when appellant did not raise it in trial court); *Barfield v. State*, 586 S.W.2d 538, 542 (Tex. Crim. App. [Panel Op.] 1979) (appellant who fails to assert right to speedy trial waives such right on appeal). A party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g). Furthermore, the trial court must

rule on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Because appellant failed to raise her speedy trial complaint in the trial court below, we conclude she has waived it on appeal.  We overrule her first issue.

In her second issue, appellant urges this Court to dismiss the State's motion to revoke, citing the reasoning and holding of the Corpus Christi Court of Appeals in *Garcia v. State*, No. 13-10-00284-CR, 2011 WL 2732665 (Tex. App.—Corpus Christi  July 14, 2011), *rev'd*, 387 S.W.3d 20 (Tex. Crim. App. 2012).  In *Garcia*, the Corpus Christi Court of Appeals concluded the trial court abused its discretion by not dismissing the case when the State failed to use due diligence in executing the capias.  *Id.*, at \*3.  Holding that "the court of appeals erroneously analyzed the case under now-defunct common law," the Texas Court of Criminal Appeals reversed the judgment of court of appeals and affirmed the trial court's judgment.  *Garcia*,  387 S.W.3d at 26.  Because the *Garcia* case cited by appellant is no longer good law, we decline to follow it.  We also note that appellant does not show us where in the record she asked the trial court to dismiss the State's motion to revoke.  By failing to timely request, object, or move in the trial court for a specific ruling, she likewise has waived this issue.  *See* TEX. R. APP. P. 33.1(a)(1).  We overrule appellant's second issue.

In her third issue, appellant argues she was denied the effective assistance of counsel at trial because counsel did not assert her right to a speedy revocation trial.

To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced her; that is, but for the deficiency, there is a reasonable

probability that the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 10910 (Tex. Crim. App. 2003). An ineffective assistance of counsel claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). We commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

The court of criminal appeals has made clear that, in most cases, a silent record will not overcome the strong presumption of reasonable assistance. *See Rylander*, 101 S.W.3d at 110. Further, counsel should ordinarily be accorded the opportunity to explain her actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). If trial counsel is not given that opportunity, then an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.*

Appellant filed a motion for new trial but did not raise a ground of ineffective assistance nor has she otherwise developed a record showing how her counsel was ineffective. The issue of a denial of the right to speedy trial is determined by a balancing test which considers four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of her right; and (4) prejudice resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 529 (1972). In this case, appellant cannot establish that a motion for speedy revocation trial would have been granted. Although the length of the delay weighs in appellant's favor, the record shows the reason for the delay was appellant's absconding for nearly seven years. The record fails to show appellant desired a speedy trial or communicated this desire to trial counsel. Finally, there is

4

nothing in the record to show prejudice; there is no evidence of oppressive pretrial incarceration or undue anxiety or concern, nor is there evidence that any admissible defensive evidence was lost due to the delay. Finally, neither trial counsel nor the State has been given an opportunity to respond to appellant's allegation. Under these facts and circumstances, we cannot conclude the record shows either deficient performance or a reasonable probability that the result of the proceeding would have been different. We overrule appellant's third issue.

In her final issue, appellant claims her plea was involuntary. Appellant contends she believed she would be permitted to withdraw her plea of true if the trial court refused to accept the plea agreement.

Appellant did not request to withdraw her plea or object at the plea hearing. She did not contend during the hearing or in a motion for new trial that her plea was involuntary; rather, she raises this issue for the first time on appeal. As noted above, rule 33.1(a) requires an appellant to raise a timely objection in the trial court as a prerequisite to raising an error on appeal. *See* TEX. R. APP. P. 33.1(a). An exception exists only for absolute systemic requirements or nonwaivable rights. *See Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). Failing to permit a defendant to withdraw a plea of true at a revocation hearing is not such a requirement. *See id*. We conclude appellant waived any complaint about her plea by failing to request withdrawal through a timely objection or motion for new trial.

To the extent she complains her plea was rendered involuntary because she mistakenly believed she could withdraw her plea if the trial court did not follow the State's recommendation on punishment, we disagree. Unlike in a guilty plea case, a trial court is not required to allow a defendant to withdraw a negotiated plea of true even if the court does not follow a plea agreement. *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003). Nor is the trial

5

court required to admonish the defendant under article 26.13 of the code of criminal procedure. *Id.* Nevertheless, appellant was admonished concerning the limitations of her plea agreement; she was informed she had a right to make the State prove the allegations and was specifically admonished that the trial court was not obligated to follow the plea agreement. Appellant then said she was pleading true voluntarily, she understood the court was not bound by the plea bargain agreement, and she understood she could be sentenced "up to 20 years confinement" in prison. Nothing in the record suggests appellant did not comprehend any aspect of the proceedings or the consequences of her plea. The fact that appellant received a greater punishment than she hoped for does not render her plea involuntary. *See Tovar–Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.). Under these circumstances, we conclude appellant's complaint lacks merit. We overrule her fourth issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120682F.U05

6



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

JAMESHA LYNNE LEWIS, Appellant

No. 05-12-00682-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F02-71639-M.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered September 5, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE