

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 22, 1989

Honorable Pamela K. McKay
County Attorney
County of Kendall
204 E. San Antonio Street
Suite 1
Boerne, Texas 78006

Opinion No. JM-1100

Re: Under what circumstances section 232.001 of the Local Government Code requires a tract owner to prepare a plat (RQ-1664)

Dear Ms. McKay:

You ask for our interpretation of the requirements of section 232.001(a) of the Local Government Code in regard to the preparation of a plat by a landowner who divides a tract of land outside the limits of a municipality into two or more parts. Section 232.001(a) provides:

> The owner of a tract of land located outside the limits of a municipality who divides the tract into two or more parts to lay out a subdivision of the tract, including an addition, or to lay out suburban lots or building lots, <u>and</u> to lay out streets, alleys, squares, parks, or other parts of the tract intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent to the streets, alleys, squares, parks, or other parts must have a plat of the subdivision prepared. (Emphasis added.)

You say that the section can be read in two ways. Under one reading, you say, the language "and to lay out streets, alleys, squares, parks, or other parts," etc., could be taken to apply only where the division is "to lay out suburban lots or building lots." Under such construction, you say, a plat would be required under the subsection either when the tract is divided into two or more parts to lay out a subdivision or addition, <u>or</u> when the land is divided into "suburban lots or building lots" in conjunction with which "streets, alleys, squares, parks, or other parts," as described in the subsection, are to be laid out.

p. 5763

You say that the provisions can also be read to provide that the platting requirement under the subsection is triggered only where there is a division of the tract -- whether to lay out a subdivision, addition, or building or suburban lots -- and where "streets, alleys, squares, parks, or other parts" are to be laid out. Under this reading, as you say, a "division of a tract not involving streets, alleys, etc., would not require platting" under the subsection.

Though we concede that the language in question is somewhat convoluted, we think that this language on its face -- particularly the "and" in question -- indicates that the provisions must be read as in your second suggested reading. The platting requirement under the subsection is not triggered unless there is a division of the tract -- be it for a subdivision, an addition, or suburban or building lots -- and the division also involves the laying out of "streets, alleys, squares, parks, or other parts" as described in the statute.

Attorney General Opinion JM-781 (1987) implicitly supports this reading of section 232.001(a). That opinion addressed whether certain divisions of tracts were subject to the platting requirement under the provisions in question prior to their codification as section 232.001(a).[1] No distinctions were made in the questions presented or in the responses as to whether the divisions in question were to lay out subdivisions, additions, or building or suburban lots. The opinion addressed whether the absence of any dedication of parts of the division for public use relieved the owner who divided the tract of the platting requirement and concluded that the absence of dedication for public use, standing alone, did not settle the issue.

> [The statute refers] to land 'intended for public use,' not to land 'dedicated to public use.' Additionally, [it refers] to land

---

1.    The opinion addressed _inter alia_ the provisions of article 6702-1, section 2.401, V.T.C.S. These provisions were codified in 1987 as section 232.001. Acts 1987, 70th Leg., ch. 149, § 1, at 1003.

'intended for public use, <u>or</u> the use of purchasers or owners.'[2]

Clearly implicit in this discussion, we think, is that the platting requirement is not triggered unless the division of the tract -- be it for a subdivision, addition, or suburban or building lots -- also involves the laying out of

streets, alleys, squares, parks, or other parts of the tract intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent to the streets, alleys, squares, parks, or other parts . . . .

Local Gov't Code § 232.001(a).

You also express concern about the "legal definitions" of the terms "subdivision," "suburban lots," and "building lots" as used in section 232.001(a). For example, you ask: "how small may a rural tract be without becoming a 'suburban lot,' which requires platting if roads or streets are involved[?]"

We do note that courts have defined "subdivision," as used in similar provisions, very broadly. <u>See</u> <u>City of Lucas v. North Tex. Mun. Water Dist.</u>, 724 S.W.2d 811, 823 (Tex. App. - Dallas 1986, writ ref'd n.r.e.) (term "subdivision" as used in former article 970a, section 4, V.T.C.S., "may be simply a division of a tract of land into smaller parts"); <u>City of Weslaco v. Carpenter</u>, 694 S.W.2d 601, 603 (Tex. App. - Corpus Christi 1985, writ ref'd n.r.e.) (term as used in former article 970a, section 4, V.T.C.S., "may refer simply to the act of partition itself"); <u>see also</u> Attorney General

---

2. As codified, the language of section 232.001(a) now reads "intended to be dedicated to public use," rather than "intended for public use" as did the predecessor provisions of article 6702-1, section 2.401. This slight variation in the language in the codified version from that addressed in the opinion does not, we think, make the discussion in Attorney General Opinion JM-781 of article 6702-1, section 2.401, less apposite to our analysis here of section 232.001(a). <u>See</u> Local Gov't Code § 1.001 (no substantive change intended).

Opinion JM-781 (1987). We do not think it necessary to address here whether the term as used in the language "subdivision of the tract, including an addition" in section 232.001(a) might mean more specifically a "planned development." Whether given divisions constitute "subdivisions," or "additions," or the laying out of "suburban" or "building" lots would probably involve questions of fact such that the issue would have to be approached on a case-by-case basis.

### S U M M A R Y

Under Local Government Code section 232.001(a) a division of a tract of land outside the limits of a municipality into two or more parts -- whether the division be to lay out a subdivision, addition, or suburban or building lots -- is subject to the platting requirements of the subsection only if the division is also to lay out streets, alleys, squares, parks, or other parts of the tract intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent thereto, as provided in the subsection.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General