Leopoldo Espinosa **GUEVARA,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–95–01342–CR

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 7, 1999.

DeEdward J. Greer, Houston, for appellant.

Kelly Ann Smith, Houston, for appellee.

Before Chief Justice MURPHY and Justices HUDSON and EDELMAN.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Leopoldo Espinosa Guevara, entered a plea of not guilty to the offense of aggravated robbery.[1] He was convicted and the jury assessed an enhanced punishment of confinement in the Institutional Division of the Texas Department of Criminal Justice for life. Guevara brings two points of error, contending (1) he was denied his right to a speedy trial, and (2) the trial court erred in admitting his oral statement. We affirm.

### FACTUAL BACKGROUND

On October 7, 1990, Officer Michael Heffler was dispatched to the scene of a homicide. The victim suffered stab wounds and a severe head injury. During the investigation, the police determined that the victim's VCR, stereo, and credit cards were missing. When police failed to locate the property in local pawn shops, they entered the serial numbers of the VCR and stereo into the computer database of the National Crime Information Center.

In October 1991, Billy Lanier pawned a VCR with the same serial numbers as the VCR stolen from the decedent's residence. Lanier was arrested in January 1992 and gave a statement to the police which led them to Guevara whom they arrested on January 31, 1992. The same day Guevara was arrested, he gave a written statement to police admitting some involvement in the October 7, 1990, incident. Guevara specifically admitted he took the decedent's VCR and stereo. After administering a polygraph test, police informed Guevara that certain parts of his written statement were untruthful. Guevara then gave an oral statement to the police in which he also admitted his participation in the actual assault. In his oral statement, Guevara also told the police where to find the victim's stereo. Based on this information, the police located and recovered the stereo.

On February 1, 1992, Guevara was charged with capital murder in cause number 622,381. The grand jury, however, altered the charge and returned a two-count indictment alleging the offenses of murder and aggravated robbery. On September 19, 1994, Guevara was reindicted for aggravated robbery in cause number 9422135, and, on September 21, 1994, the original cause was dismissed. The case proceeded to trial on November 7, 1995, and Guevara was found guilty of aggravated robbery.

### RIGHT TO A SPEEDY TRIAL

Guevara's trial was not commenced until almost three years and nine months after his arrest. Guevara contends, in his first point of error, that this delay violated his constitutional right to a speedy trial. A

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See Acts* 1993, 73 rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

defendant's right to a speedy trial is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 10, of the Texas Constitution. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. *See also Klopfer v. North Carolina,* 386 U.S. 213, 223–24, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) (the Sixth Amendment guarantee of a speedy trial is applied to the states through the Fourteenth Amendment). Although the speedy trial provisions of the Texas and federal constitutions are separate and distinct, the interpretation and application of the Sixth Amendment by the federal courts serves as a useful guide to the interpretation of the Texas constitutional right to speedy trial. *See Harris v. State,* 827 S.W.2d 949, 956–57 (Tex.Crim.App.1992).

The State contends the issue has not been preserved for review. Guevara filed a *pro se* motion requesting a speedy trial in cause number 622,381. The motion, however, was never presented to the trial court, and Guevara concedes it was never adopted or raised by Guevara's trial counsel. Guevara was subsequently reindicted in cause number 9422135, and the original cause was dismissed. No speedy trial motion or objection was made in cause number 9422135.

■ A motion must be "presented" to the trial court to preserve a complaint for appellate review, and presentment means more than mere filing. *See Dowler v. State,* 777 S.W.2d 444, 448 (Tex.App.-El Paso 1989, pet. ref'd). The movant must make the trial judge aware of the motion by calling the judge's attention to it in open court and requesting a ruling thereon. *See id.* Because Guevara did not request a speedy trial while before the trial court, or otherwise object to the delay, the issue is being raised for the first time on appeal.

On the question of whether a defendant may raise a speedy trial claim for the first time on appeal there is a division of authority. Some courts have expressly held that a defendant may do so. *See McKinney v. State,* 505 S.W.2d 536, 542–43 (Tex.Crim.App. 1974); *Hardesty v. State,* 738 S.W.2d 9, 10

(Tex.App.-Dallas 1987, pet. ref'd).[2] Another line of Texas cases holds just as plainly that the issue may not be raised for the first time on appeal. *See, e.g., Mulder v. State,* 707 S.W.2d 908, 914–15 (Tex.Crim.App.1986); *Fraire v. State,* 588 S.W.2d 789, 791 (Tex. Crim.App.1979); *Serna v. State,* 882 S.W.2d 885, 889–90 (Tex.App.-Corpus Christi 1994, no pet.); *Shannon v. State,* 681 S.W.2d 142, 144 (Tex.App.—Houston [14th Dist.] 1984, no pet.).

We find the rationale of the *Mulder* and *Fraire* line of cases to be more compelling because the opposing body of case law is based upon the faulty premise that the United States Supreme Court's decision in *Barker v. Wingo* permits a defendant to raise the issue for the first time on appeal. *See* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). We draw no such conclusion from the opinion.

In *Barker,* the prosecutor requested and received eleven consecutive continuances without objection. When the state's attorney requested his twelfth continuance, Barker filed a motion to dismiss the indictment for want of a speedy trial. The trial court denied the motion, and the United States Sixth Circuit Court of Appeals affirmed the decision because it found much of the delay had been waived under the "demand-waiver doctrine." The demand-waiver doctrine "provides that a defendant waives any consideration of his right to speedy trial for any period prior to which he has not demanded a trial." *Barker,* 407 U.S. at 525, 92 S.Ct. 2182. Thus, the court of appeals held that only the time elapsing *after* Barker's objection could be considered in evaluating the length of the delay.

Although the Supreme Court ultimately affirmed Barker's conviction for lack of prejudice, it repudiated the demand-waiver doctrine and concluded that a defendant's assertion of or failure to assert his right to a speedy trial is merely one of four factors to be considered when evaluating his claim. *See id.,* at 529, 92 S.Ct. 2182. Thus, when

---

2. *See also Easley v. State,* 564 S.W.2d 742, 745 (Tex.Crim.App.1978); *Archie v. State,* 511 S.W.2d 942, 944 (Tex.Crim.App.1974) (in both cases the court considered a speedy trial claim that was raised for the first time on appeal).

calculating the length of the delay, the Supreme Court included the time which transpired during the first eleven continuances. The demise of the demand-waiver doctrine affects how courts are to calculate the length of the delay; it does not dissolve the long-standing rule that a defendant must present his objections in the trial court or waive them on appeal.

The Supreme Court set forth four factors by which to evaluate a speedy trial claim: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *See Barker*, 407 U.S. at 530, 92 S.Ct. 2182. A least three of the factors cannot be developed for the record or properly evaluated on appeal without a hearing in the trial court. For example, unless a defendant brings the matter to the attention of the trial court, he cannot be said to have asserted his right to a speedy trial. Likewise, without a hearing, the prosecution has no opportunity to establish the reasons for the delay, and neither party can adequately establish or refute the existence of prejudice. Accordingly, we find Guevara has waived the issue by failing to raise it in the trial court.

This would ordinarily conclude our analysis, but in *Marin v. State*, 851 S.W.2d 275 (Tex.Crim.App.1993), the Court of Criminal Appeals wrote:

> [O]ur system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. In the present context, the most important thing to remember about the Texas law of procedural default is that it only applies to the last category.

*Id.* at 279.[3] The court also held that many, but not all, constitutional rights fall within the second category. *See id.* With respect to rights in the second category, the court has said:

> [The defendant] need make no request at trial for the implementation of such rights, as the judge has an independent duty to implement them absent an effective waiver by him. As a consequence, failure of the judge to implement them at trial is an error which might be urged on appeal whether or not it was first raised in the trial court.

*Id.* at 280.

■ While the right to a speedy trial is affirmatively guaranteed by both the state and federal constitutions, the United States Supreme Court has also said the defendant bears *some* responsibility to assert the right. *See Barker*, 407 U.S. at 528, 92 S.Ct. 2182. In fact, a defendant's failure to assert the right can be an indication that he does not want a speedy trial. *See id.* at 534–36, 92 S.Ct. 2182. We hold, therefore, that the right to a speedy trial is a right to be implemented upon request, and that it can, therefore, be waived by want of such a request.

Appellant's first point of error is overruled.

## ADMISSION OF APPELLANT'S ORAL STATEMENT

■ In his second point of error, Guevara contends the trial court erred in admitting his oral statement into evidence. The admissibility of oral statements by an accused is governed by article 38.22 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon Supp. Pamph. 1998). Under section 3(a) of article 38.22, oral confessions are generally not admissible. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22 § 3(a) (Vernon Supp. Pamph.1998). However, section 3(a) does not apply to any statement which contains assertions of facts or circumstances found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22 § 3(c) (Vernon Supp. Pamph.1998).

In his oral statement, Guevara confessed to taking part in the attack on the decedent. Contemporaneous with the assault, several items belonging to the decedent were stolen.

---

3. *Marin* has been partially overruled on other grounds by subsequent opinions. *See Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997);

*Matchett v. State*, 941 S.W.2d 922, 928 (Tex. Crim.App.1996).

Guevara told the police the victim's stereo was at his brother's house. Based on this information, the stereo was recovered by police. Thus, Guevara's oral statement contained assertions of fact found to be true and which conduced to establish Guevara's guilt for aggravated robbery.

 Guevara argues, even if the portion of the statement relating to the stolen stereo was admissible, the trial court erred in admitting the entire oral statement. It is well settled, however, that when an oral confession of the accused is offered into evidence pursuant to article 38.22, section 3(c), the confession is admissible in its entirety if it contains any assertions of facts or circumstances that are subsequently found to be true and which conduce to establish the accused's guilt. *See Baldree v. State,* 784 S.W.2d 676, 684 (Tex.Crim.App.1989).

Accordingly, appellant's second point of error is overruled, and the judgment of the trial court is affirmed.