Affirmed and Opinion filed June 20, 2002









Affirmed and Opinion filed June 20, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00378-CR

____________

 

CHRISTINE E. REULE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the County Criminal Court at Law No. 4

Harris County, Texas

Trial
Court Cause No. 5317

 



 

O
P I N I O N

Appellant,
Christine E. Reule, was convicted by a jury in
municipal court of disorderly conduct by abusive language and sentenced to a
fine of $500.  Appeal was taken to the
county criminal court at law, which affirmed the municipal court=s
judgment.[1]  We affirm.








The
record before us is exiguous.  On May 1,
2000, a misdemeanor complaint was filed against appellant for using Aabusive,
indecent, profane and vulgar language . . . in a public place@
on November 15, 1999.  Appellant went to
trial on August 8, 2000, and, as aforementioned, was convicted of the offense
and fined $500, plus costs.  Thereafter,
appellant filed a motion for new trial, contending the municipal court erred:
(1) in allowing a witness without direct knowledge to testify; (2) in admitting
testimony as to whether her conduct tended to Aincite an immediate breach of the peace@;
(3) in failing to allow her additional time to prepare for trial; (4) in
failing to dismiss the action with prejudice because her language was
insufficiently egregious as to amount to Afighting words@; and (5) in failing to dismiss the action with prejudice for
violation of her right to a speedy trial. 

Appellant=s
motion for new trial was denied, whereupon she appealed to the county criminal
court at law.  That court, noting the
record contained no statement of facts or bills of exceptions and that no brief
had been filed assigning error, found no error in the trial court=s
record and affirmed the judgment. 
Appellant now appeals to this court, we presume, on those grounds
advanced in her motion for new trial.  See
Tex. Gov=t Code Ann. ' 30.00027 (Vernon Supp. 2002) (record and briefs on appeal in
county court at law constitute record and briefs on appeal to court of
appeals).








In
her first, second, and fourth points of error, appellant complains the trial
court erred in admitting certain testimony and in finding her language amounted
to fighting words.  Without a statement
of facts, however, we have no way of evaluating what transpired before the
trial court.  The record on appeal from a
municipal court conviction must conform substantially to the provisions
governing appellate records under the appellate rules and the Texas Code of
Criminal Procedure.  Tex. Gov=t Code Ann. ' 30.00016 (Vernon Supp. 2002). 
Moreover, a court reporter need not record municipal trial proceedings
unless requested by the judge or by a party. 
Id. ' 30.00010.  We do not
know whether appellant requested a statement of facts for appeal, although the
record before us suggests that no statement of facts exists.  We do not know what evidence, if any, was
presented.  Without an adequate record
before us, we cannot review appellant=s complaints. 
Accordingly, we overrule appellant=s first, second, and fourth points of error.

In
her third point of error, appellant contends the trial court erred in failing
to allow her additional time for trial. 
Specifically, appellant avers that, as a pro se litigant, she should
have been allowed two additional weeks to subpoena witnesses and documents.  

A
prerequisite to presenting a complaint for appellate review is that the record
must show that the complaint was made to the trial court by a timely request,
objection, or motion that stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint; and that the trial court ruled on
the request,  objection, or motion either
expressly or implicitly.  Tex. R. App. P. 33.1(a).  Since the record does not reflect appellant
requested additional days to prepare prior to trial, we find that appellant
failed to preserve any error for appellate review.

In
her fifth point of error, appellant complains the trial court erred in failing
to dismiss the action for violation of her constitutional right to an
expeditious trial.[2]

A[T]he right to a speedy trial is a right to be implemented upon
request, and . . . it can, therefore, be waived by want of such a request.@  Guevara v. State, 985 S.W.2d
590, 593 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  In the instant case,
the record is bereft  of any evidence
appellant brought her desire to be tried more hastily to the attention of the
trial court.  Accordingly, we overrule
appellant=s fifth point of error.








The
judgment of the trial court is affirmed.

 

 

 

/s/        J.
Harvey Hudson

Justice

 

Judgment rendered and Opinion filed June
20, 2002.

Panel consists of Justices Hudson, Fowler,
and Edelman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]  This Court has
jurisdiction over cases that were appealed to the county criminal court from an
inferior court where the fine imposed exceeds $100.  Tex.
Code Crim. Proc. Ann. art. 4.03 (Vernon Supp.
2002).





[2]  Appellant
argues the State violated her constitutional rights by bringing her to
trial  A[n]ine months following an alleged incident.@  The length of
delay, however, is measured from the time the defendant is formally accused or
arrested until the time of trial.  Guajardo
v. State, 999 S.W.2d 566, 569 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).  Here,
therefore, the delay complained of is the thirteen weeks between the complaint
being filed against appellant on May 1, 2000, and her trial on August 8, 2000.