James Douglas Holden v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-454-CR

JAMES DOUGLAS HOLDEN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant James Douglas Holden of escape and sentenced him to life imprisonment.  Appellant brings three points on appeal, challenging the trial court’s (1) denial of his motion to quash the indictment, (2) overruling of his objection to the State’s questioning his wife about her drug abuse, and (3) denial of his motion for mistrial.  Because we hold that the trial court did not reversibly err, we affirm the trial court’s judgment.

In his first point, Appellant argues that the trial court reversibly erred in denying his motion to quash, which he presented on the day of jury selection.  Article 1.14(b) of the Texas Code of Criminal Procedure provides that a defendant in a criminal case must object to perceived indictment error, whether of form or of substance, before the day on which the trial on the merits begins.
(footnote: 2)
 The trial on the merits has been held consistently to include jury selection.
(footnote: 3)  The mere filing of a motion to quash is not sufficient to bring the matter to the trial court’s attention.
(footnote: 4)  A motion must be timely presented to the trial court to preserve a complaint for appellate review.
(footnote: 5)  Specifically, the movant must call the trial judge’s attention to the motion in open court and request a ruling on it.
(footnote: 6)  Because Appellant did not timely present his motion to quash, he has failed to preserve this point for review.

Additionally, an open, voluntary plea of guilty forfeits all nonjurisdictional errors occurring before the plea that do not affect the judgment of guilt.
(footnote: 7)  The presentment of an indictment vests the trial court with jurisdiction.
(footnote: 8)  Only an indictment that fails to allege an offense or fails to allege that a person committed the offense will be so defective that it cannot vest jurisdiction.
(footnote: 9)  The indictment now before this court sufficiently alleges an offense and a perpetrator so as to vest jurisdiction in the trial court.

Consequently, because Appellant did not timely present his motion to quash the indictment, because he entered an open plea of guilty, and because the indictment was sufficient to confer jurisdiction on the trial court, we overrule Appellant’s first point.

In his second point, Appellant complains that the trial court abused its discretion in overruling his objection to the State’s questioning of Appellant’s wife.  Appellant’s wife testified for the defense at punishment, asking the jury for lenience.  On cross-examination, the State inquired into her drug use and Appellant’s role in providing the drugs:

[PROSECUTOR]:  Okay.  All right.  Now, prior to the time that you met your husband, did you have any sorts of problems with drugs prior to that time?

[MRS. HOLDEN]:  Yes, sir.

[DEFENSE COUNSEL]:  Objection, Your Honor, relevance.

THE COURT:  Overruled.

[DEFENSE COUNSEL]:  Your Honor, we’d also object that it’s an improper foundation attack on character.

THE COURT:  Overruled.

Appellant argues that the trial court’s overruling his second objection was reversible error.  As the State concedes, the trial court erred in overruling Appellant’s objection to the improper questions.
(footnote: 10)  However, our inquiry does not end there.

The prosecutor continued to inquire into Mrs. Holden’s drug use.  In response to the prosecutor’s questions, Mrs. Holden testified that when she first met Appellant she had been clean for ten years, that he did not immediately involve her in his drug activities, that it was her choice to “reopen [her addiction], ” and that, at the time of trial, she was on probation for a drug offense.  Appellant did not object to any of these exchanges. Appellant attempts to distinguish the prosecutor’s later questions from the questions objected to by arguing that the later questions involved Mrs. Holden’s drug use after she met Appellant, and that it was only the questions concerning her drug use before becoming involved with Appellant that negatively affected the jury’s consideration of her testimony.  We disagree.  Mrs. Holden’s later testimony was not substantially different from that to which Appellant objected.  Because Appellant failed to object to each question regarding Mrs. Holden’s drug use, he has preserved nothing for appellate review.
(footnote: 11)  We overrule Appellant’s second point.

In his third point, Appellant contends that the trial court abused its discretion in denying a mistrial.  During the punishment phase of the trial, on cross-examination of Appellant’s wife, the prosecutor inquired into Appellant’s gang activity in prison.  Mrs. Holden did not answer the question, and Appellant lodged a timely objection.  He objected that he had received no notice of gang activity in response to his article 37.07 request.
(footnote: 12)  The trial court sustained his objection.  Appellant requested the trial court to instruct the jury to disregard the question, but the trial court instead instructed the prosecutor to “move on.”  The trial court then denied Appellant’s motion for mistrial.  The trial judge’s response was not an express ruling, nor was it, as Appellant provides, an instruction to disregard.  Appellant, however, complains only of the denial of his motion for mistrial.

As the Texas Court of Criminal Appeals has provided,

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard.  Mistrial is appropriate for only “highly prejudicial and incurable errors.”  It may be used to end trial proceedings when faced with error so prejudicial that “expenditure of further time and expense would be wasteful and futile.”  We have held that “:ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer.”  The trial court is required to grant a motion for a mistrial only when the improper question is “clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors.”
(footnote: 13)

The asking of an improper question, by itself, will seldom require a mistrial.
(footnote: 14)
 At the punishment phase of a criminal trial, evidence may be presented as to any matter that the court deems relevant to sentencing, including evidence of the defendant's background or character.
(footnote: 15)  However, the United States Supreme Court has held that the admission of evidence that a defendant belongs to a prison gang, without more, violates his First Amendment rights.
(footnote: 16)  On this record, we see no relevance to the question asked.  It appears to have been asked only “to inflame the jury against” Appellant.
(footnote: 17)  Consequently, on this record, the question is improper, and the trial court correctly sustained Appellant’s objection.  But because the trial court did sustain Appellant’s objection, the State was allowed to do no more than ask the improper question.  We therefore cannot say that the trial court abused its discretion in denying a mistrial, and, again, the propriety of the trial court’s refusal to instruct the jury to disregard the improper question is not before us.  We overrule Appellant’s third point.

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 4, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann. 
art. 1.14(b) (Vernon Supp. 2004-05).

3:
See Watson v. State
, 917 S.W.2d 65, 67 (Tex. App.—Fort Worth 1996, pet. ref'd).

4:
Mills v. State
, 941 S.W.2d 204, 208 (Tex. App.—Corpus Christi 1996, pet. ref’d); 
Chunn v. State
, 821 S.W.2d 718, 720 (Tex. App.—Houston [1
st
  Dist.] 1991, pet. ref'd), 
cert. denied
, 506 U.S. 870 (1992).

5:
Tex. R. App. P. 
33.1(a)(1); 
Guevara v. State
, 985 S.W.2d 590, 592 (Tex. App.—Houston [14
th
 Dist.] 1999, pet. ref’d); 
Dowler v. State
, 777 S.W.2d 444, 448 (Tex. App.—El Paso 1989, pet. ref'd).

6:
Guevara,
 985 S.W.2d at 592.

7:
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).

8:
Tex. Const.
 art. V, § 12(b).

9:
Id.
; 
Studer v. State
, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990).

10:
See 
Tex. R. Evid.
 608(b); 
Lagrone v. State
, 942 S.W.2d 602, 613 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997).

11:
See
 
Tex. R. App. P.
 33.1; 
Reyes v. State,
 84 S.W.3d 633, 638 (Tex. Crim. App. 2002).

12:
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (Vernon Supp. 2004-05).

13:
Simpson v. State
, 
119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (citations omitted), 
cert. denied
, 124 S. Ct. 2837 (2004).

14:
Moore v. State
, 882 S.W.2d 844, 847 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1114 (1995).

15:
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a).

16:
Dawson v. Delaware
, 503 U.S. 159, 167, 112 S. Ct. 1093, 1098  (1992);
 
Anderson v. State
, 
901 S.W.2d 946, 953-54 (Tex. Crim. App. 1995) (Mansfield, J., concurring) (stating that the United States Supreme Court “
implied that the State's real purpose in employing the evidence was to inflame the jury against Dawson because it would find his beliefs repugnant”).

17:
See
 
Anderson
, 901 S.W.2d at 954.