COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-454-CR
  
  
JAMES DOUGLAS HOLDEN                                                    APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 43RD DISTRICT COURT OF PARKER 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant James Douglas Holden of escape and sentenced him to 
life imprisonment.  Appellant brings three points on appeal, challenging 
the trial court’s (1) denial of his motion to quash the indictment, (2) 
overruling of his objection to the State’s questioning his wife about her drug 
abuse, and (3) denial of his motion for mistrial.  Because we hold that the 
trial court did not reversibly err, we affirm the trial court’s judgment.
        In 
his first point, Appellant argues that the trial court reversibly erred in 
denying his motion to quash, which he presented on the day of jury 
selection.  Article 1.14(b) of the Texas Code of Criminal Procedure 
provides that a defendant in a criminal case must object to perceived indictment 
error, whether of form or of substance, before the day on which the trial on the 
merits begins.[2]
        The 
trial on the merits has been held consistently to include jury selection.[3]  The mere filing of a motion to quash is not 
sufficient to bring the matter to the trial court’s attention.[4]  A motion must be timely presented to the trial court 
to preserve a complaint for appellate review.[5]  
Specifically, the movant must call the trial judge’s attention to the motion 
in open court and request a ruling on it.[6]  
Because Appellant did not timely present his motion to quash, he has failed to 
preserve this point for review.
        Additionally, 
an open, voluntary plea of guilty forfeits all nonjurisdictional errors 
occurring before the plea that do not affect the judgment of guilt.[7]  The presentment of an indictment vests the trial 
court with jurisdiction.[8]  Only an indictment 
that fails to allege an offense or fails to allege that a person committed the 
offense will be so defective that it cannot vest jurisdiction.[9]  
The indictment now before this court sufficiently alleges an offense and a 
perpetrator so as to vest jurisdiction in the trial court.
        Consequently, 
because Appellant did not timely present his motion to quash the indictment, 
because he entered an open plea of guilty, and because the indictment was 
sufficient to confer jurisdiction on the trial court, we overrule Appellant’s 
first point.
        In 
his second point, Appellant complains that the trial court abused its discretion 
in overruling his objection to the State’s questioning of Appellant’s 
wife.  Appellant’s wife testified for the defense at punishment, asking 
the jury for lenience.  On cross-examination, the State inquired into her 
drug use and Appellant’s role in providing the drugs:
 
[PROSECUTOR]: Okay. All right. Now, prior to the time that you met your husband, 
did you have any sorts of problems with drugs prior to that time?
 
        [MRS. 
HOLDEN]: Yes, sir.

        [DEFENSE 
COUNSEL]: Objection, Your Honor, relevance.

                THE 
COURT: Overruled.
 
[DEFENSE 
COUNSEL]: Your Honor, we’d also object that it’s an improper foundation 
attack on character.

                THE 
COURT: Overruled.
  
  
Appellant argues that 
the trial court’s overruling his second objection was reversible error.  
As the State concedes, the trial court erred in overruling Appellant’s 
objection to the improper questions.[10]  
However, our inquiry does not end there.
        The 
prosecutor continued to inquire into Mrs. Holden’s drug use.  In response 
to the prosecutor’s questions, Mrs. Holden testified that when she first met 
Appellant she had been clean for ten years, that he did not immediately involve 
her in his drug activities, that it was her choice to “reopen [her 
addiction],” and that, at the time of trial, she was on probation for a drug 
offense.  Appellant did not object to any of these exchanges.  
Appellant attempts to distinguish the prosecutor’s later questions from the 
questions objected to by arguing that the later questions involved Mrs. 
Holden’s drug use after she met Appellant, and that it was only the questions 
concerning her drug use before becoming involved with Appellant that negatively 
affected the jury’s consideration of her testimony.  We disagree.  
Mrs. Holden’s later testimony was not substantially different from that to 
which Appellant objected.  Because Appellant failed to object to each 
question regarding Mrs. Holden’s drug use, he has preserved nothing for 
appellate review.[11]  We overrule Appellant’s 
second point.
        In 
his third point, Appellant contends that the trial court abused its discretion 
in denying a mistrial.  During the punishment phase of the trial, on 
cross-examination of Appellant’s wife, the prosecutor inquired into 
Appellant’s gang activity in prison.  Mrs. Holden did not answer the 
question, and Appellant lodged a timely objection.  He objected that he had 
received no notice of gang activity in response to his article 37.07 request.[12]  The trial court sustained his objection.  
Appellant requested the trial court to instruct the jury to disregard the 
question, but the trial court instead instructed the prosecutor to “move 
on.”  The trial court then denied Appellant’s motion for 
mistrial.  The trial judge’s response was not an express ruling, nor was 
it, as Appellant provides, an instruction to disregard.  Appellant, 
however, complains only of the denial of his motion for mistrial.
        As 
the Texas Court of Criminal Appeals has provided,
  

A trial court's denial of a motion for mistrial is reviewed under an abuse of 
discretion standard.  Mistrial is appropriate for only “highly 
prejudicial and incurable errors.”  It may be used to end trial 
proceedings when faced with error so prejudicial that “expenditure of further 
time and expense would be wasteful and futile.”  We have held that 
“:ordinarily, a prompt instruction to disregard will cure error associated 
with an improper question and answer.”  The trial court is required to 
grant a motion for a mistrial only when the improper question is “clearly 
prejudicial to the defendant and is of such character as to suggest the 
impossibility of withdrawing the impression produced on the minds of the 
jurors.”[13]
 
The asking of an 
improper question, by itself, will seldom require a mistrial.[14]
        At 
the punishment phase of a criminal trial, evidence may be presented as to any 
matter that the court deems relevant to sentencing, including evidence of the 
defendant's background or character.[15]  
However, the United States Supreme Court has held that the admission of evidence 
that a defendant belongs to a prison gang, without more, violates his First 
Amendment rights.[16]  On this record, we see no 
relevance to the question asked. It appears to have been asked only “to 
inflame the jury against” Appellant.[17]  
Consequently, on this record, the question is improper, and the trial court 
correctly sustained Appellant’s objection.  But because the trial court 
did sustain Appellant’s objection, the State was allowed to do no more than 
ask the improper question.  We therefore cannot say that the trial court 
abused its discretion in denying a mistrial, and, again, the propriety of the 
trial court’s refusal to instruct the jury to disregard the improper question 
is not before us.  We overrule Appellant’s third point.
        Having 
overruled Appellant’s three points, we affirm the trial court’s judgment.
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
 
PANEL B:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: November 4, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  Tex. Code Crim. Proc. Ann. art. 1.14(b) 
(Vernon Supp. 2004-05).
3.  See 
Watson v. State, 917 S.W.2d 65, 67 (Tex. App.—Fort Worth 1996, pet. ref'd).
4.  Mills 
v. State, 941 S.W.2d 204, 208 (Tex. App.—Corpus Christi 1996, pet. ref’d); 
Chunn v. State, 821 S.W.2d 718, 720 (Tex. App.—Houston [1st 
Dist.] 1991, pet. ref'd), cert. denied, 506 U.S. 870 (1992).
5.  Tex. R. App. P. 33.1(a)(1); Guevara 
v. State, 985 S.W.2d 590, 592 (Tex. App.—Houston [14th Dist.] 
1999, pet. ref’d); Dowler v. State, 777 S.W.2d 444, 448 (Tex. App.—El 
Paso 1989, pet. ref'd).
6.  Guevara, 
985 S.W.2d at 592.
7.  See 
Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. 
State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).
8.  Tex. Const. art. V, § 12(b).
9.  Id.; 
Studer v. State, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990).
10.  
See Tex. R. Evid. 608(b); Lagrone 
v. State, 942 S.W.2d 602, 613 (Tex. Crim. App.), cert. denied, 522 
U.S. 917 (1997).
11.  
See Tex. R. App. P. 33.1; Reyes 
v. State, 84 S.W.3d 633, 638 (Tex. Crim. App. 2002).
12.  
Tex. Code Crim. Proc. Ann. art. 
37.07, § 3(g) (Vernon Supp. 2004-05).
13.  
Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (citations 
omitted), cert. denied, 124 S. Ct. 2837 (2004).
14.  
Moore v. State, 882 S.W.2d 844, 847 (Tex. Crim. App. 1994), cert. 
denied, 513 U.S. 1114 (1995).
15.  
Tex. Code Crim. Proc. Ann. art. 
37.07, § 3(a).
16.  
Dawson v. Delaware, 503 U.S. 159, 167, 112 S. Ct. 1093, 1098 (1992); Anderson 
v. State, 901 S.W.2d 946, 953-54 (Tex. Crim. App. 1995) (Mansfield, J., 
concurring) (stating that the United States Supreme Court “implied that the 
State's real purpose in employing the evidence was to inflame the jury against 
Dawson because it would find his beliefs repugnant”).
17.  
See Anderson, 901 S.W.2d at 954.