**Affirmed and Memorandum Opinion filed August 30, 2018.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-16-00413-CR
## NO. 14-16-00414-CR

**OVERILLE DENTON THOMPSON, JR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 1445929 & 1445930**

## MEMORANDUM OPINION

Appellant brings this pro se appeal, complaining in a single issue that he was deprived of his constitutional right to a speedy trial. We conclude that this issue has not been preserved for appellate review because appellant never obtained an adverse ruling on his pro se motions to dismiss. Accordingly, we overrule this issue and affirm the trial court's judgments.

# BACKGROUND

Appellant was arrested in October 2014 and charged with two separate offenses: the first was possession of a controlled substance, and the second was possession of a firearm as a felon. Even though counsel was appointed to represent him in these cases, appellant filed numerous pro se motions as he remained in custody awaiting his trial. These motions sought various forms of relief, including a reduction in bail, a dismissal of charges based on the unlawfulness of a search, a hearing to determine the truthfulness of an affidavit, and the inspection of evidence. The trial judge did not rule on these motions. Instead, she noted in the margins of one of appellant's filings that appellant "is represented by counsel and motions have not been adopted."

In July 2015, appellant filed two additional pro se motions to dismiss, this time based on the alleged denial of his right to a speedy trial. Aside from being filed in separate cause numbers (one in the drug case, and the other in the firearm case), the two motions were substantively identical. Appellant asserted in these motions that the State was delaying his trial because the State had recently charged him with a third offense for murder. Appellant then argued that the delay was unjustifiable because the first two charges were unrelated to the murder charge. Appellant accordingly sought a dismissal of the first two charges. The trial judge did not rule or conduct a hearing on either motion.

In August 2015, appellant's trial counsel moved to withdraw because appellant claimed that counsel was colluding with the State against appellant's best interests. The trial judge granted the motion and appointed substitute counsel, who remained on the case through November 2015, when appellant successfully moved to represent himself.

After electing self-representation, appellant never re-urged his speedy-trial motions. He did, however, move to disqualify the trial judge, to discover the identity of a confidential informant, and to obtain transcripts from the grand jury proceedings. The trial judge denied these and other motions. And in one hearing in advance of trial, the judge specifically acknowledged appellant's speedy-trial motions without making a ruling:

Court: Okay. So, I just want to make sure, other than just resetting the case one week, everything—other than that, we're good to go? Is that right? Everybody's ready for trial if we just move the case a week?

Appellant: Well, I mean, once I get an investigator on the matter but I haven't done that yet. So, if I can come back in a week just to update the Court on that situation.

Court: Doesn't matter to me. We'll just leave your case on March 8th and we'll be ready to go. You don't need to keep coming back to court to hire—

Appellant: What I'm saying is if I can't get the investigator on the matter in a timely way, if I have to schedule ahead another seven days until I hear back from them or what have you. See? That's what I mean, so—

Court: I'm just going to leave it on March 8th and if you have a motion for continuance on March the 8th, I'll take it up at that point.

Appellant: Yes, ma'am.

Court: Okay? That way there's no need for you to keep coming back to court and hopefully you'll get somebody quickly and get moving because I know you have a speedy trial motion on file and your inability to go to trial—

Appellant: Oh, I actually do not want to—I do not want to—yes, Your Honor.

Court: You do not want what?

Appellant: I really don't want to put it off any further than it has to be.

Court:      Okay.

When the scheduled trial date arrived, the State announced that it was not ready for trial because of a potential *Brady* issue that required additional processing. Appellant responded that he did not wish to go forward with trial that day either, which meant that the trial was reset. In advance of the new trial date, the State announced that it would only be trying the drug case and the firearm case (not the murder case as well).

When the actual trial date arrived, appellant agreed to forgo self-representation, and his substitute counsel filled in again. Substitute counsel did not adopt appellant's pro se motions to dismiss.

The jury convicted appellant in both the drug case and firearm case, and now appellant challenges both judgments of conviction in this pro se appeal.

## ANALYSIS

We begin with the State's threshold argument that appellant has not preserved his complaint for appellate review. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

To preserve a complaint for appellate review, the complaining party must first make a timely request, objection, or motion that states the grounds for the ruling sought. *See* Tex. R. App. P. 33.1. The complaining party must then obtain an adverse ruling from the trial court on his request, objection, or motion, or the complaining party must object to the trial court's refusal to rule. *Id.* These rules express the general policy that an appellate court should not reverse a trial court on a matter that was never brought to the trial court's attention. *See Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998).

In this case, appellant filed two speedy-trial motions, which are pertinent to the first requirement in our error-preservation rules. However, appellant filed these motions pro se at a time when he was represented by counsel, and counsel never adopted or ratified the motions. Because a defendant has no right to hybrid representation, the trial court was free to disregard appellant's pro se motions. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

The trial court eventually allowed for counsel to withdraw and for appellant to represent himself, but during the time of his self-representation, appellant did not file a new set of speedy-trial motions, nor did he request a ruling on his previously filed motions. Because appellant never obtained an adverse ruling on his pro se motions, we conclude that he has not preserved his complaint for appellate review. *See Guevara v. State*, 985 S.W.2d 590, 592 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (a speedy-trial complaint was not preserved where the defendant filed his speedy-trial motion pro se and never obtained a ruling).

Appellant raises three arguments in his reply brief in an effort to avoid the application of our error-preservation rules.

First, he contends that our error-preservation rules have the effect of reinstating the demand-waiver rule, which the Supreme Court repudiated in *Barker v. Wingo*, 407 U.S. 514 (1972). Our court has already rejected this point: "The demise of the demand-waiver doctrine affects how courts are to calculate the length of the delay [in a speedy-trial analysis]; it does not dissolve the longstanding rule that a defendant must present his objections in the trial court or waive them on appeal." *Guevara*, 985 S.W.2d at 593.

Second, appellant contends that his speedy-trial complaint "actually speaks to the bias of" the trial judge, which he characterizes as a structural error that cannot be waived. This point also lacks merit. Even though bias is a structural error that

5

cannot be waived, we have specifically held that the right to a speedy trial can be waived. *Id.* (citing *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993)). Furthermore, appellant has not established how any judicial bias could have impacted his speedy-trial complaint, considering that (1) the trial judge neither adversely ruled nor refused to rule on his speedy-trial motions, and (2) when the trial judge actually gave appellant an opportunity to discuss his speedy-trial motions, appellant responded by saying that "[he] really [doesn't] want to put it off any further than it has to be."

Third, appellant contends that he did preserve error under our rules because he moved to disqualify the trial judge and he obtained an adverse ruling on his motion to disqualify. But that motion was based on allegations that the trial judge was "in [e]ffect act[ing] as counsel with obvious wrongful intent to misrepresent the Defendant and assist [the] State in its cause, which is the very manifestation of bias/prejudice." The motion was not based on the denial of a speedy trial.

We conclude that none of the reasons stated in appellant's reply brief excuses his failure to preserve error in the trial court.

## CONCLUSION

The trial court's judgments are affirmed.

/s/     Tracy Christopher
Justice

Panel consists of Justices Boyce, Christopher, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).