# NO. 12-22-00073-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTIONE THOMAS, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Antione Thomas appeals his conviction for aggravated assault with a deadly weapon. In two issues, Appellant urges he was denied his rights to counsel and to a speedy trial. We affirm.

## BACKGROUND

On March 18, 2021, Appellant was charged by indictment with aggravated assault with a deadly weapon. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury ultimately found Appellant "guilty" as charged and assessed punishment at fifty years imprisonment and a $10,000 fine. This appeal followed.

## RIGHT TO COUNSEL

In his first issue, Appellant contends he was denied his right to counsel when the trial court failed to appoint different counsel upon his request.

### Standard of Review and Applicable Law

We review a trial court's ruling denying the appointment of substitute counsel for abuse of discretion. *See Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (citing *Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex. Crim. App. 1991)). "The trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any

guiding rules or principles." ***Johnson v. State***, 352 S.W.3d 224, 227 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). If the trial court's ruling falls within the "zone of reasonable disagreement," then it has not abused its discretion, and we will uphold its ruling. ***Id.*** "Under this standard, we may only consider the information presented to the trial court at the time of its decision." ***Id.*** at 227–28.

"The right of the accused to counsel, both at trial and on appeal, is fundamental." ***In re Fletcher***, 584 S.W.3d 584, 588 (Tex. App.—Houston [1st Dist.] 2019, orig. proceeding) (quoting ***Buntion v. Harmon***, 827 S.W.2d 945, 948–49 (Tex. Crim. App. 1992)). "Under the Sixth and Fourteenth Amendments, an indigent defendant is entitled to the appointment of counsel." ***Id.*** (citing ***Gideon v. Wainwright***, 372 U.S. 335, 342–44, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963) and U.S. CONST. amends. VI, XIV). However, "an indigent defendant does not have the right to the appointment of counsel of choice." ***Id.*** (quoting ***Stearnes v. Clinton***, 780 S.W.2d 216, 221 (Tex. Crim. App. 1989)).

"The defendant must accept counsel assigned by the court unless he or she effectively waives the right to counsel for self-representation or can show adequate cause for appointment of a different attorney." ***Reddic v. State***, 976 S.W.2d 281, 283 (Tex. App.—Corpus Christi, 1998, pet. ref'd) (citing ***Thomas v. State***, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977)); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2022) ("An [appointed] attorney . . . shall . . . represent the defendant until . . . permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause"). A trial court is under no duty to search until it finds an attorney agreeable to the defendant. ***Reddic***, 976 S.W.2d at 283 (citing ***Malcom v. State***, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982)). When a trial court appoints an attorney to represent the indigent defendant, the defendant has received the protections provided under the Sixth and Fourteenth Amendments. ***Id.*** "[T]he defendant may not manipulate his right to counsel so as to obstruct the orderly procedure in the court or interfere with the fair administration of justice and must, in some circumstances, yield to the general interest of prompt and efficient justice." ***Carroll***, 176 S.W.3d at 256 (citing ***King v. State***, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) and ***Garner v. State***, 864 S.W.2d 92, 98 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd)).

**Analysis**

At all times pertinent to this appeal, Appellant was represented by appointed counsel. Appellant was indicted in March 2021. On October 4, Appellant's appointed counsel asked to withdraw because he was no longer under contract with the trial court. That request was granted, and new counsel was appointed on October 26. On November 29, Appellant wrote a letter to the trial court claiming his appointed counsel was ineffective and not protecting his rights. On January 14, 2022, Appellant wrote to the court coordinator complaining that his counsel was ineffective, racist, and disrespectful. On February 22, Appellant filed two pro se motions to dismiss his counsel and appoint new counsel alleging his counsel had not been in contact and was not protecting his rights. At a hearing on February 25, Appellant told the trial court his counsel was ineffective.

At a March 4 hearing, Appellant asserted that he wanted new appointed counsel because his counsel used racial slurs. Counsel denied the accusation. Upon further discussion, the trial court learned counsel called Appellant "poor" and a "weed head." The trial court admonished Appellant regarding proceeding pro se. After reading the "election to proceed with self-representation," Appellant decided to continue with appointed counsel instead of representing himself. On March 30, trial counsel asked the trial court to again admonish Appellant on his right to self-representation. Trial counsel confirmed that Appellant filed "multiple allegations" against him, including a complaint with the Texas Bar Association. The trial court explained to Appellant that he has a right to counsel, but that he does not get to choose his attorney. The trial court explained that Appellant had two attorneys thus far and that he would not appoint a new one if he permitted counsel to withdraw. Therefore, Appellant's choices were to continue with current counsel or represent himself. The trial court questioned Appellant about his background, education, and court experience. Appellant told the trial court that he successfully represented himself in Louisiana. However, the trial court explained that the Texas court system is markedly different than Louisiana's and opined that the decision to represent himself would be "terrible." Appellant then decided to keep his appointed counsel.

On appeal, Appellant urges the trial court abused its discretion when it failed to dismiss his trial counsel and appoint new counsel. He argues that trial counsel confirmed hostility existed between them and had to represent Appellant while simultaneously responding to the Texas Bar about Appellant's complaints.

The trial court could have characterized Appellant's complaints about his appointed counsel as evidence of a personality conflict. However, personality conflicts and disagreements concerning trial strategy are not typically valid grounds for withdrawal of counsel. *See **King***, 29 S.W.3d at 566. To the extent Appellant argues a conflict of interest existed because of the complaint with the Texas Bar, the filing of a civil action against a court-appointed attorney is not a *per se* conflict of interest warranting disqualification of counsel at the whim of a criminal defendant. ***Dunn v. State**,* 819 S.W.2d 510, 519 (Tex. Crim. App. 1991). If a *per se* rule were applied, a defendant could delay or prevent a trial by simply filing a civil suit against his court-appointed counsel. Because no copy of the "grievance" allegedly filed by Appellant against trial counsel is contained in the record, we cannot ascertain the specific allegations of that grievance. Appellant has shown the mere possibility of a conflict of interest, and such possibility, without more, is not sufficient to impugn his conviction. ***Cuyler v. Sullivan**,* 446 U.S. 335, 350, 100 S. Ct. 1708, 1719, 64 L. Ed. 2d 333 (1980); ***Garner**,* 864 S.W.2d at 99; ***McKinny v. State***, 76 S.W.3d 463, 478 (Tex. App.—Houston [1st Dist.] 2002, no pet.). As such, the trial court did not abuse its discretion when it overruled the motion to substitute counsel. We overrule Appellant's first issue.

**SPEEDY TRIAL**

In his second issue, Appellant asserts he was denied his right to a speedy trial.

**Standard of Review and Applicable Law**

In assessing whether a defendant was deprived of his right to a speedy trial, we consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and any prejudice to the defendant. *See **Barker v. Wingo***, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). However, before we engage in an analysis of each ***Barker*** factor, the defendant must first make a showing that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." ***Gonzales v. State***, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014) (citing ***Doggett v. U.S.***, 505 U.S. 647, 651–52, 112 S. Ct. 2686, 2690, 120 L. Ed. 2d 520 (1992)). "Presumptive prejudice" simply marks the point in which courts deem the delay unreasonable enough to trigger further inquiry. *See id.* (citing ***State v. Munoz***, 991 S.W.2d 818, 821–22 (Tex. Crim. App. 1999)). The length of the delay is measured from the time the defendant was arrested or formally accused. ***State v. Thomas***, 453

S.W.3d 1, 4 (Tex. App.—Dallas 2014, no pet.) (citing **Shaw v. State**, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003)). In general, delay approaching one year is sufficient to trigger a speedy trial inquiry. **Doggett**, 505 U.S. at 652 n.1, 112 S. Ct. at 2686.

The essential ingredient of the Sixth Amendment's speedy trial guarantee is "orderly expedition and not mere speed." **U.S. v. Marion**, 404 U.S. 307, 313, 92 S. Ct. 455, 459, 30 L. Ed. 2d 468 (1971) (Sixth Amendment appears to guarantee criminal defendant that government will move with dispatch appropriate to assure early and proper disposition of charges). The balancing test in **Barker** requires a case by case weighing of the conduct of both the prosecution and the defendant. **Barker**, 407 U.S. at 530, 92 S. Ct. at 2192. No single factor is a necessary or sufficient condition to find a speedy trial violation. **Id.**, 407 U.S. at 533, 92 S. Ct. at 2193; **State v. Wei**, 447 S.W.3d 549, 553 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Instead, the related factors must be considered together along with any other relevant circumstances, and as no factor possesses "talismanic qualities," courts must engage "in a difficult and sensitive balancing process" in each individual case. **Cantu v. State**, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). When the State's negligence causes "extraordinary" delay, and when the presumption of prejudice is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted by the State, the defendant is entitled to relief. **Doggett**, 505 U.S. at 658, 112 S. Ct. at 2694.

In reviewing the trial court's decision on Appellant's speedy trial claim, we apply a bifurcated standard of review. See **Munoz**, 991 S.W.2d at 821. We review factual issues for abuse of discretion and review legal issues de novo. **Id**.

**Threshold Showing of Delay**

In this case, Appellant was arrested January 9, 2021, indicted on March 18, 2021, and tried starting April 5, 2022. Because approximately sixteen months passed between Appellant's arrest and his trial, he satisfied the threshold showing of delay, and the State admits that this factor weighs against it. See **Jimerson v. State**, 629 S.W.3d 569, 575 (Tex. App.—Tyler 2021, no pet.); **Doggett**, 505 U.S. at 652 n.1, 112 S. Ct. at 2686 (stating that delay approaching one year is generally sufficient to trigger speedy trial inquiry); **Gonzalez**, 435 S.W.3d at 808. Therefore, we must analyze the remaining **Barker** factors and balance them. See **Gonzalez**, 435 S.W.3d at 808.

**Reason for the Delay**

If a presumptively prejudicial delay occurred, the State bears the initial burden of justifying the delay. *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994). Different weights are assigned to different reasons. *Munoz*, 991 S.W.2d at 822. A deliberate attempt to delay a trial, for example, is weighed heavily against the State, while more neutral reasons, such as negligence or overcrowded dockets, are still weighed against the State but less heavily. *Id.* Bad faith is not a prerequisite to a speedy trial violation; official negligence can suffice. *See Doggett*, 505 U.S. at 656–57, 112 S. Ct. at 2693. If the record is silent regarding the reason for the delay, it weighs against the State but not heavily, because courts do not presume that the State tried to prejudice the defense. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003); *Zamorano v. State*, 84 S.W.3d 643, 649-50 (Tex. Crim. App. 2002). And delay which is attributable in whole or in part to the defendant may even constitute a waiver of a speedy trial claim. *Barker*, 407 U.S. at 528–30, 92 S. Ct. at 2191–92 (delay attributable to defendant constitutes waiver of speedy trial); *see also Dickey v. Florida*, 398 U.S. 30, 48, 90 S. Ct. 1564, 1574, 26 L. Ed. 2d 26 (1970) (Brennan, J., concurring) (defendant may be "disentitled to the speedy trial safeguard in the case of a delay for which he has, or shares, responsibility"); *Munoz*, 991 S.W.2d at 822 (same).

The record in this case indicates Appellant was arrested in January 2021 and indicted in March. New trial counsel was appointed in October. At a status hearing on November 10, trial counsel represented to the trial court that he had not met with Appellant or reviewed discovery yet. He further opined that the case would be "fairly complicated." And the trial court explained that its first available trial date was March 2022 due to a backlog of cases. We conclude this delay should weigh against the State but not heavily.

At a March 4 hearing, trial counsel asked for a continuance because Appellant refused to meet with him, and they had not reviewed the video evidence together. The trial court denied the request, citing Appellant's role in the defense not being ready. On the day of trial, trial counsel asked for a two-week continuance because he had been ill and unable to review all the evidence. Appellant also rejected the State's plea offer at that time. Trial began on April 4. We conclude that this ensuing period of delay should weigh against Appellant. *See Munoz*, 991 S.W.2d at 822.

## Assertion of Federal Constitutional Right to Speedy Trial

Under ***Barker***, a defendant is responsible for asserting or demanding his right to a speedy trial. *See **Barker***, 407 U.S. at 528–29, 92 S. Ct. at 2191. Although a defendant's failure to assert his speedy trial right does not amount to a waiver of that right, "failure to assert the right . . . make[s] it difficult for a defendant to prove he was denied a speedy trial." ***Dragoo***, 96 S.W.3d at 314. This is because a defendant's lack of a timely demand for a speedy trial indicates strongly that he did not really want a speedy trial and that he was not prejudiced by a lack thereof. *See **id***. Furthermore, the longer the delay, the more likely it becomes that a defendant would take some action to obtain a speedy trial. *See **id***. Thus, inaction weighs more heavily against a violation the longer the delay becomes. ***Id***.

In this case, the majority of Appellant's speedy trial requests were pro se. It is well settled that a pro se speedy-trial motion, filed while the defendant has counsel and on which the trial court does not rule, is not subject to appeal. *See, e.g.*, ***Robinson v. State***, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ("[A] defendant has no right to hybrid representation," a "trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel[,]" and a "trial court's decision not to rule on a pro se motion in this situation would not be subject to review."); *see also **Porter v. State***, 540 S.W.3d 178, 183 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); ***Crocker v. State***, 441 S.W.3d 306, 312 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd); ***Guevara v. State***, 985 S.W.2d 590, 592 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

The record reflects Appellant was not permitted hybrid representation. ***In re Thomas***, Nos. 12-21-00232-235-CR, 2022 WL 243241 at *1 (Tex. App.—Tyler Jan. 26, 2022, orig. proceeding) (mem. op., not designated for publication) (denying Appellant's request to compel trial court to rule on pro se motion and explaining that no entitlement to hybrid representation). In addition, the trial court told Appellant at the hearings on his requests for self-representation that he is not entitled to hybrid representation. As a result, Appellant's pro se motions, which were never ruled on by the trial court, are not subject to appellate review. *See **Porter***, 540 S.W.3d at 183; ***Robinson***, 240 S.W.3d at 922; ***Guevara***, 985 S.W.2d at 592.

Here, Appellant's counsel filed a motion for speedy trial on February 18, 2022. However, the included order is not signed and does not indicate whether the motion was granted or denied. On February 25, counsel presented a speedy trial motion to the court. Counsel

claimed he was calling the court's attention to Appellant's pro se motions. Counsel further stated that he did not think it wise to proceed without having seen all the evidence in the case. Counsel presented no evidence in favor of the motion or argued in favor of it. In addition, the record does not indicate that the trial court ruled on any speedy trial motions. But at the conclusion of the hearing, the trial court confirmed the March 7 trial date. Therefore, we decline to hold that this factor weighs in Appellant's favor.

**Prejudice**

The last **Barker** factor is "prejudice to the defendant." **Barker**, 407 U.S. at 532–33, 92 S. Ct. at 2193–94. Prejudice is assessed in light of the interests that the speedy trial right is designed to protect. **Id.** These interests are (1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. **Id.** Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." **Id.** Even so, the four **Barker** factors are interrelated and must be considered together with such other circumstances as may be relevant. See **Munoz**, 991 S.W.2d at 828. The court still must engage in a difficult and sensitive balancing process. **Id.** Although a defendant has the burden to make some showing of prejudice, actual prejudice is not required. **Id.** at 826.

When a defendant makes a prima facie showing of prejudice, the state must prove that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. **Id.** Excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove. See **Doggett**, 505 U.S. at 655, 112 S. Ct. at 2693. Yet such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other **Barker** criteria. **Id.**, 505 U.S. at 656, 112 S. Ct. at 2693. But when the state's negligence causes extraordinary delay and when the presumption of prejudice, whether specified or presumed, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted by the state, the defendant is entitled to relief. **Id.**, 505 U.S. at 658, 112 S. Ct. at 2694.

As an initial matter, Appellant cannot rely on presumptive prejudice because any such prejudice was extenuated by Appellant's role or acquiescence in the delay. See, e.g., **Dragoo**, 96 S.W.3d at 315 (presumptive prejudice is "extenuated . . . by the defendant's acquiescence" in the delay) (quotation omitted); **Hopper v. State**, 520 S.W.3d 915, 929 (Tex. Crim. App. 2017) ("Any presumptive prejudice due to the passage of time was extenuated by appellant's acquiescence in

the delay."). As discussed above, Appellant's counsel sought continuances to review evidence and discovery, in part due to Appellant's refusal to meet with him. And Appellant did not present any evidence in support of his motion for speedy trial. In addition, on appeal, Appellant makes no argument other than that prejudice is presumed from the length of the delay. He does not argue that any delay impaired his defense or argue any of the other elements of prejudice. Therefore, we conclude this factor weighs against Appellant.

## Balancing the *Barker* Factors

We now consider and weigh the aforementioned factors. The reason for the delay, in one instance, is attributable to the State, but only rises to a "negligence" level. *See Barker*, 407 U.S. at 531, 925 S. Ct. at 2192. Moreover, we cannot overlook that the other delays are attributable to Appellant. *See id.*, 407 U.S. at 528–30, 92 S. Ct. at 2191–92 (delay attributable to defendant constitutes waiver of speedy trial). We conclude that this factor weighs more heavily against Appellant. And despite the fact that Appellant asserted his right to a speedy trial, he did so in pro se motions, and there is no indication he presented evidence or obtained a ruling on this matter. Thus, this factor weighs against him, but to the extent he repeatedly filed pro se motions, it does not weigh against him heavily. *See Zamorano*, 84 S.W.3d at 652 n.44; *see also Cantu*, 253 S.W.3d. at 283. Lastly, the prejudice prong weighs in the State's favor because, as previously discussed, the record does not support that Appellant's ability to defend his case was compromised, and Appellant's own actions contributed to the delay. *See Munoz*, 991 S.W.2d at 826. Thus, having considered the aforementioned factors and the entirety of the record, we conclude that the factors weigh against Appellant. *See Barker*, 407 U.S. at 539, 92 S. Ct. at 2182. Therefore, we hold that Appellant's right to a speedy trial was not violated. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 21, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 21, 2023**

**NO. 12-22-00073-CR**

**ANTIONE THOMAS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0439-21)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*